1829.

Matter of the Receiver of the Middle Dist. Bank.

---

*IN THE MATTER OF THE RECEIVER OF THE MIDDLE DISTRICT BANK.                                    [*585]

The right of a debtor to a bank to off set any demand he held against the bank at the time it stopped payment, is not altered by the appointment of a receiver.[2]

If the receiver is compelled to resort to an indorser, where the real debtor is unable to pay, such indorser can off set the bills of the bank which he held at the time it stopped payment, unless he is indemnified by the real debtor.

Where bills of a bank are obtained by one of its debtors after it stops payment, they cannot be set off by such debtor against the debt he owes the bank.[3]

August 24th.

THE receiver of the Middle District Bank submitted a variety of questions to the court, for instructions thereon relative to the discharge of his duties, on which the following directions were given:

THE CHANCELLOR:—In the case of *Miller* v. *The Receiver of the Franklin Bank*, (*ante*, 444,) this court decided

[2] But see *Haxton* v. *Bishop*, 3 Wen. 13.
[3] *Bank of Niagara* v. *Rosevelt*, 9 Cow. 409.

1829.

Matter of the Receiver of the Middle Dist. Bank.

that any equitable off-set which the debtor had at the time the bank stopped payment was not altered by the appointment of a receiver. It makes no difference whether the debt of the bank was then payable or has become due since. If a debtor claims to off set bills which were then in the hands of any other person for his use, the receiver should be satisfied he was the real owner of the bills at that time; and if the amount due thereon is lost, that the loss will legally and equitably fall on such debtor, and not upon the person who had them for his use. If the real debtor is unable to pay, and the receiver is compelled to resort to the indorser, who is eventually to be the loser, he has the same equitable claim to off set bills which he had at the time the bank stopped payment. But no such off-set should be allowed to an indorser where he is indemnified by the real debtor, or where the latter can be compelled to pay.

An overdrawing is a debt due to the bank, and if the person who has overdrawn his account was, at the time the bank stopped payment, a *bona fide* holder of the bills in his own *right, the same rule of set-off must be applied. The evidence on which the receiver should act in allowing set-offs should be such as to satisfy him that the debtor could sustain such off-set in a court of justice, if a suit was brought against him. If the receiver thinks proper to rely upon the affidavit of the party, he should at least require him to state when, where and from whom he received the bills, and under what circumstances.

Where the debtors and their sureties are insolvent, and only able to pay a part of their debts, it will be no injury to the creditors of the institution, if the receiver takes Middle District bills in payment; but in all such cases the receiver should estimate such bills at the probable amount of dividend which would be obtained thereon; that is, if the debtor is able to pay 75 per cent. of his debt, he should not be permitted to pay in bills at par, when they are in fact worth less than seventy-five per cent. in good money.

[*586]

In one of the suits brought by the receiver of the Greene County Bank, the Supreme Court decided, after full argument, that under the provisions of the act of 1825, bills which had been obtained by the debtors of the bank, after it stopped payment, but before the appointment of a receiver could not be off set; that the equitable right of the debtors to a set-off was not altered by the neglect of the attorney-general to apply and obtain the appointment of a receiver immediately. This must be considered the legal rule by which the receiver is to be governed. It having been decided there was no off-set at law in such cases, there can be no pretence for claiming it in equity, as it is wholly opposed to every principle of equity and justice.

If bills of the bank were taken to exchange, and remained on hand at the time the bank stopped payment, they should be returned; but if the agent had parted with the bills, it would be manifestly unjust to allow him to receive Middle District bills afterwards to off-set.