Diven v. Phelps.

The judgment must consequently be affirmed.

[MONROE GENERAL TERM, September 2, 1861. *Smith, Knox* and *Johnson*, Justices.]

———•◦•———

## DIVEN, receiver, &c. *vs.* PHELPS.

Where bills of a bank are obtained by one of its debtors after it becomes insolvent and stops payment, they cannot be used as a set-off or counter-claim, in an action brought by the receiver of the bank, upon a promis-sory note of the debtor, held by the bank at the time of its failure.

Under the statute, the moment a moneyed corporation becomes insolvent, the rights of all its creditors attach equally, to all its assets; and whoever takes its bills, afterwards, being indebted to such corporation, takes them subject to this right of all the creditors to share equally in its assets. His claim is upon the assets, for his proportionate share.

APPEAL from a judgment entered at a special term, af-ter a trial at the circuit before a justice of this court without a jury. The defendant, on the 29th day of July, 1857, executed and delivered to the Yates County Bank his note for $500, payable in forty-five days from that date, with interest. On the 21st day of September, 1857, the bank, then holding that note, stopped payment, closed its doors, and did not afterwards transact business. On the 9th day of October, 1857, proceedings were commenced by petition before a justice of this court to have the bank declared insolvent, and a receiver appointed; and on the 9th of November the prayer of the petition was granted, and the plaintiff appoint-ed receiver. As early as November 1, 1857, the defendant was the owner and holder of notes of the Yates County Bank to the amount of $513, which on the 21st of Novem-ber, 1857, he tendered to the receiver in payment of his note,

which were refused by the receiver. This action was commenced by the receiver in June, 1860, to recover the amount of the $500 note. On the trial before the judge, without a jury, the defendant produced and proved the $513 of bank notes, and proved the tender of them to the receiver, November 21, 1857, (the next day after the defendant received notice of the appointment of the receiver,) in satisfaction of the note, and claimed to have them set off against the plaintiff's demand. The right of set-off was denied, and the defendant excepted. On the trial, the plaintiff gave in evidence a record of judgment in the supreme court in favor of Peter S. Oliver against the Yates County Bank, showing that a receiver of said bank was appointed, and final judgment entered, and the record filed October 15, 1857. The defendant excepted to the admission of this evidence. A motion for a nonsuit, on the ground that proof of this prior appointment of a receiver showed that the plaintiff had no title to the note, was overruled, and the defendant excepted.

*H. R. Selden*, for the appellant. I. The record in the Oliver suit was improperly received in evidence. It was not within the issue; and it was calculated to prejudice the defendant.

II. The motion for a nonsuit should have been granted, for the reasons assigned when the motion was made. After the appointment of one receiver of " the property and effects of the bank," there was nothing left of the property and effects *then held* by the bank which a subsequent receiver could take. The last receiver would hold all the property obtained by the bank after the time of the appointment of the first receiver, and no other.

III. The bank notes held by the defendant, prior to the appointment of the receiver, were proper set-off against the demand of the plaintiff. (1.) The receiver in this case was appointed by virtue of the statute of 1849, chap. 226, § 9, p. 343. (2.) Such receiver becomes vested with the property

of the corporation, only from the time of the filing of the security which he is required to give; which in this case was the 18th of November, 1855. (*Act of* 1849, *ch.* 226, § 11. 3 *R. S.* 764, § 51, *5th ed. Id.* 770, § 78.) (3.) The right of set-off therefore existed in favor of the defendant, before the plaintiff obtained title to the note, or any interest in it. (2 *R. S.* 534, § 18. 3 *id.* 634, § 12, *5th ed.*) (4.) The transfer of the right of action was, by the express provisions of the statute, subject to this right of set-off. (*Code,* § 112.) (5.) The special provisions of the statutes directing and limiting the allowance of set-offs by the trustees of insolvent debtors, (to which reference is made in § 11 of the act of 1849,) cannot be made applicable to receivers appointed under the last mentioned act, and consequently set-offs, to be allowed by such receivers, must be governed by the general provisions as to set-offs contained in the revised statutes and code above referred to. (6.) There are no such proceedings under the act of 1849, *in any one particular,* as those pointed out in the insolvent law, to fix the time when the right of set-off must have existed, to justify its allowance by the trustees. (3 *R. S.* 115, § 9, *5th ed.*) (7.) One provision of the statute in regard to insolvents may apply, and that would limit the set-off to such demands as would be entitled to dividends. (3 *R. S.* 121, § 41, *5th ed.*) (8.) There can be no doubt that the defendant would have been entitled, if he had not owed the bank, to dividends on the $513 bank notes, which he held before the appointment of the receiver. (*Laws of* 1849, *p.* 344, § 12. *Holbrook* v. *Receiver, &c.* 6 *Paige,* 220, 227.) The terms "creditors of such corporation," in the 12th section of the act of 1849, must mean, all who are creditors when the receiver was appointed; and if that be so, the right of set-off exists now, as it existed when the receiver was appointed. (*Miller* v. *Receiver, &c.* 1 *Paige,* 445.) (9.) The decisions referred to at the special term are not applicable to the present case, as they were made under the law of 1825, (*ch.* 325, § 17, *p.* 453,) which differed very

Diven *v.* Phelps.

materially from the act of 1849. Nor, if the statute was the same, was the point *decided* in any of the cases referred to. In *Haxton* v. *Bishop*, (3 *Wend.* 13,) the note sued on had passed to the receiver *before it became due.* In *Miller* v. *Receiver, &c.* (1 *Paige,* 445,) no question of this kind was presented. So far as that decision goes it is favorable to our set-off, as the chancellor shows in the later case of *The Receiver of the Middle District Bank,* (1 *Paige,* 585.) And the *dictum* of the chancellor in that case, (p. 586,) which is relied upon by the plaintiff, is founded on an erroneous view of what had been decided by the supreme court in the Greene County Bank cases, as will appear by the statement of those decisions in a note to *Haxton* v. *Bishop,* (3 *Wend.* 23,) and by the opinion of Savage, Ch. J. in that case. (*See pp.* 22, 23.) We understand the opinion of Ch. J. Savage in that case to be *with us,* as was clearly the opinion of Woodworth, J. in the case of the Niagara Bank, (9 *Cowen,* 413.) (10.) If the bank had been an *individual* who failed, holding the defendant's note, and of whose effects a receiver was appointed, there is no doubt the defendant could set off notes of such failing creditor, obtained between the time of the failure and the appointment of a receiver, and no reason is perceived why a different rule should prevail where one of the parties is a corporation. The court has no power to make a different rule, unless the statute has made it, and we deny that any such statute exists.

*D. B. Prosser,* for the plaintiff. I. The finding of facts by the court ought not to be disturbed. Such finding should be held conclusive; because, 1st. The case does not purport to contain all the evidence. This court, without having all the evidence before it, cannot determine whether the findings are in accordance with the evidence given on the trial. 2d. The defendant wholly failed to prove or identify a single bill which he held at the time the bank failed. Before the defendant would, under any circumstances, be allowed to set

Diven *v.* Phelps.

off the bills of the bank held by him, he was bound to prove affirmatively what particular bill or bills he had at the time of presenting the petition for the appointment of a receiver.

II. The defendant was not entitled to have the bills obtained by him, after the bank failed, set off in this action; because, 1st. The provision of the statute entitled "Regulations to prevent the insolvency of moneyed corporations, and to secure the rights of creditors," prohibit such corporations from making any payment after insolvency, with a view of giving preference, &c. (1 *R. S.* 591, § 9.) 2d. To allow the set-off claimed in this case would be giving the defendant preference and priority over the other creditors, in contravention of the statute. 3d. The provision of the statute was evidently intended to secure the equal distribution of the effects of moneyed corporations among the creditors. If one creditor can, by purchasing the bills as attempted in this case, and set the same off against a debt due from him to such corporation, the statute has failed to secure the rights of the creditors. (*Miller* v. *The Receiver of the Franklin Bank,* 1 *Paige,* 444. *In the matter of the Receiver of Middle District Bank, Id.* 585. *Haxtun* v. *Bishop,* 3 *Wend.* 23. 9 *Cowen,* 413, *n. Robinson* v. *Bank of Attica,* 21 *N. Y. Rep.* 406. *Brouwer* v. *Harbeck,* 5 *Seld.* 589.) The judgment should be affirmed with costs.

*By the Court,* JOHNSON, J.　The bank suspended business, closed its doors and was insolvent on the 21st September, 1857. It then held the defendant's note, which was over due. On the 1st of November, 1857, the defendant had in his possession $513 of the bills of the bank, which he had procured, and which he offered on the 21st of that month, to the receiver, in payment of his note. The receiver was appointed on the 9th of November, in pursuance of proceedings instituted on the 9th of October previous, and upon which the bank was declared insolvent. The bills, having been obtained by the defendant after the bank had suspended and

Diven v. Phelps.

become insolvent in fact, could not, I think, be used as a set-off or counter-claim, against the note in this action, brought by the receiver.

After the defendant had procured these notes, he held them as a demand against the bank, and it is quite obvious, I think, that the bank could not then have paid this demand in any way. It was absolutely prohibited by statute from doing so. (1 *R. S.* 591, § 9.) This prohibition extends to all conveyances, assignments, transfers, payments, judgments suffered, liens created, or securities given by a bank when insolvent, or in contemplation of insolvency, with the intent of giving a preference to any particular creditor. If the bank, before the appointment of the receiver, had given up the defendant's note, in satisfaction of his claim as holder of the bills, the transaction would have been void, and the note thus given up might have been recovered of the defendant, as part of the assets belonging to such bank, or the creditors thereof. A recovery, as has been held, may be had, whether the party receiving the payment knew of the insolvency or not. (*Brouwer* v. *Harbeck*, 5 *Seld.* 589. *Robinson* v. *The Bank of Attica*, 21 *N. Y. Rep.* 406.)

Before the defendant procured his bills, the bank held the note against him, and the latter being insolvent, the note belonged equally to all the creditors of such bank. If the defendant could be allowed to purchase, or receive, the bills of the insolvent bank, and with them satisfy, and thus take from the assets, this amount, or any other, the policy of the statute, which is to secure perfect equality among all the creditors of insolvent corporations of this description, would be entirely defeated. The statute expressly provides, that every person receiving by means of assignment, or payment, any of the effects of such corporation, shall be bound to account therefor, to its creditors, or stockholders, or their trustees.

If the defendant could not lawfully receive his note, in satisfaction of his claim, as holder of the bills, thus procured,

but would have been liable had he taken it, to account to the receiver therefor, it must follow, I think, that the bills were not the subject of a set-off or counter-claim in this action. The chancellor so held and instructed the receiver in the *Matter of the Receiver of Middle District Bank*, (1 *Paige*, 585.) The chancellor, in that matter, says, that it had been so decided by the supreme court, in one of the suits brought by the receiver of the Greene County Bank. But the chancellor was either mistaken in regard to what the supreme court had decided, or the case referred to has not been reported. The point certainly was not decided in the reported case of *Haxtun* v. *Bishop*, (3 *Wend.* 13,) nor does it appear to have been decided in the four cases previously decided, which are referred to in the note to that case. In the reported case, the defendant's note was not due at the time of the failure of the bank, nor at the time the receiver was appointed. And although the defendant obtained the bills of the bank after its failure, they were held not to be a set-off, because the note was transferred to the receiver before it fell due, who took it as trustee for all the creditors.

In the head note to the case of *Niagara Bank* v. *Rosevelt*, (9 *Cowen*, 409,) the same rule is asserted, that " bills obtained by the solvent debtors of a bank, after it has stopped payment, though before a receiver be appointed, are not admissible as a set-off against the bank." The question, however, did not arise in the case, and that part of the head note is taken from the note at the foot of the case, which contains the case, before cited as reported in 1 *Paige*, 585. I infer that this was one of the questions upon which the receiver desired instructions in that case, but as it was an *ex parte* matter, perhaps the decision ought not to be regarded as conclusive authority upon the question. But I regard the principle as sound, and as necessarily flowing from the provisions of the statute, and from the decisions of the court of appeals, in the two cases before cited.

There is undoubtedly some difficulty in reconciling this rule

Diven *v.* Phelps.

with the provisions of the statute, on the subject of set-offs, or those relating to counter-claims under the code. It was held, however, in *Haxtun* v. *Bishop,* (*supra,*) that the receiver is not a trustee for the bank, but for the creditors, and represents the latter only. If this be so, then the right to set off the bills in the action clearly did not exist, unless they constituted a claim against the creditors, or might have been set off as against them, had they brought the action, within sub. 10 of § 18 of 2 *R. S.* 354. The true principle I conceive to be this, that under the statute, the moment a moneyed corporation becomes insolvent, the rights of all its creditors attach equally, to all its assets, and whoever takes its bills afterwards, being indebted to such corporation, takes them subject to this right of all the creditors to share equally in its assets. His claim is upon the assets, for his proportionate share. The statute which forbids a corporation, under such circumstances, to pay, or secure, one creditor in preference to another, and makes the creditor thus paid, or secured, liable to account to the other creditors or their trustees, virtually secures to the creditors collectively the entire and exclusive right to all the assets the moment the insolvency takes place. The debtor must pay his debt and take his dividend, for his claim, arising from his ownership of the bills acquired under such circumstances. A bank, as long as it is solvent, is bound to take its own bills in payment of debts owing to it; but when it becomes insolvent, and after the rights of all its creditors have attached, a debtor then takes the bills of the bank subject to the rights of other creditors to enforce his obligation against him, for the equal benefit of all. It is possible that a defendant, in such a case, at the suit of the receiver, might set off, or have allowed by way of counter-claim, the amount or proportion to which he would be entitled as a bill holder, on the final winding up and distribution among the several creditors, if that amount could be ascertained and determined at the time of the trial. But it is unnecessary to decide that question, as it is not pre-

sented by the case. The nominal amount of the bills was set up in the answer, as a set-off, or counter-claim, against the note, and that was the purpose for which the evidence was offered.

There is nothing in the case to show what amount would be realized from the assets, or what the defendant's share would be ultimately, and probably it could not have been ascertained at the time of the trial. The claim was, therefore, in my opinion, properly rejected, as a set-off or counter-claim, by the learned judge at special term.

I do not perceive that the defendant could possibly have been prejudiced by the introduction of the record in the other action, in evidence. The regular appointment and title of the plaintiff, as receiver, is admitted by the answer, in effect, and the admission of that record, although wholly irrelevant to the issue, could have worked no possible injury to the defendant, and is therefore no ground for a reversal.

The judgment must therefore be affirmed

[Monroe General Term, September 2, 1861. *Smith, Knox* and *Johnson,* Justices.]