Kunkelman v. Rentchler.

---

# LEONHARD KUNKELMAN
## v.
## J. B. RENTCHLER.

PERSONAL LIABILITY OF STOCKHOLDER.—In a suit brought to enforce the personal liability of a stockholder under the charter of the People's Bank of Belleville, where the stockholder set up as a defense that judgments had been recovered against him in favor of creditors of the bank to an amount equal to the amount of his liability as a stockholder, and the judgments had been discharged for a less sum than the amount due, the sum actually paid should be regarded.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.   Opinion filed October 10, 1884.

Mr. WILLIAM C. KUEFFNER, for appellant; cited Gauch v. Harrison, 12 Bradwell, 458; Thompson v. Meisser, 108 Ill. 359.

BAKER, J.   This is a suit on a certificate of deposit for $700 to enforce the personal liability of appellee under the charter of The People's Bank of Belleville, as a stockholder in said bank.   Appellee is the holder of thirty-seven shares of stock, amounting to $3,700, and in his second plea he sets up as a defense, that prior to the commencement of this suit judgments had been recovered against him in favor of creditors of the bank, to an amount equal in the aggregate to the amount of his liability as a stockholder.   Appellant replied as to $1,460 of the liability, that these judgments, under an agreement with the judgment creditors, were fully discharged and satisfied by the payment of less, in the aggregate, than the amount of the personal liability, to wit, by the payment, in the aggregate, of $2,240.

On demurrer the circuit court held this replication to be bad, and rendered final judgment against appellant for costs.

The decision upon the demurrer was in conflict with the decisions of the Supreme Court and of this court.   Thompson v. Meisser, 108 Ill. 359; Gauch v. Harrison, 12 Bradwell, 457; Meisser v. Karr, decided at the August term, 1883, of this court, but not reported.

The latter case seems to be on all fours with this; and we there held that where the judgment has been discharged for a less sum than the amount due upon it, then the sum actually paid should be regarded.

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.