90 436
12ap362

Francis Higgins, as Receiver of The North River Bank in the City of New York, Plaintiff, *v.* Charles C. Worthington, Defendant.

*Dissolution of a corporation — title of the receiver to its assets, when acquired — an offset arising before suit begun is good as against the receiver — allegation of insolvency.*

The title of a receiver, appointed in an action brought by the People to procure the dissolution of a corporation, to the corporate assets relates back to the commencement of the action, and the effect of the judgment of dissolution is to determine that the corporation was insolvent when the action was begun.

Where a person is debtor to a banking corporation, and on the day before an action is begun for a dissolution of the corporation, he becomes the assignee for value of certain deposit accounts standing upon the books of the bank, he is entitled to have their amounts set off in full against his indebtedness to the bank.

A statement "that at the time of the commencement of said action (meaning the present action) the said North River Bank was insolvent, having suspended its banking business on or about the 12th day of November, 1890," is not a statement that the bank was insolvent upon the day named, or that it was insolvent at any time before the action was commenced.

Motion by the defendant, Charles C. Worthington, for a new trial upon a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the verdict of a jury in

favor of the plaintiff, rendered by direction of the court after a trial at the New York Circuit on the 22d day of May, 1895.

*Durnin & Yates,* for the plaintiff.

*Paul R. Towne,* for the defendant.

PARKER, J.:

November 12, 1890, the North River Bank suspended its banking business. Six days later, and on the eighteenth day of November, an action was commenced in the Supreme Court, by the People of the State of New York as plaintiff against the North River Bank as defendant, to procure the dissolution of such corporation. Such proceedings were thereafter had as resulted in a judgment of dissolution on the 25th day of March, 1891, the plaintiff Higgins being appointed permanent receiver.

Subsequently he duly qualified as such and entered upon the discharge of his duties.

The North River Bank, on the day it suspended its banking business, held certain notes upon which this defendant was liable as indorser, and he had a small deposit to his credit in the bank, which, concededly, he is entitled to have offset against the claim which the bank has against him on the notes.

On the seventeenth of November, the day preceding the commencement of the action by the Attorney-General for the dissolution of the corporation, he became the assignee, for value, of certain deposit accounts standing on the books of said bank to the credit of the respective owners, amounting to $5,115.26. `This sum he also claimed the right to have offset in full against his indebtedness to the bank on the notes, and he made demand of the receiver accordingly.

It is conceded that, if the defendant had taken the assignment of the accounts on or subsequent to the date of the commencement of the action, he would not be entitled to the offset, for not only does the title of the receiver to the assets of the corporation relate back to the date of the commencement of the action, but the effect of the judgment of dissolution is to determine that the North River Bank was insolvent when the suit was begun.

In the *Matter of Berry* (26 Barb. 55) it was held that the effect

of the statute authorizing proceedings against insolvent corporations is to take away the franchise of the corporation and its powers of action immediately upon the petition for a receiver being filed, if the prayer of the petition be finally granted. And it would seem that if the bank was insolvent in fact when it closed its doors and suspended payment, after which defendant obtained an assignment of the accounts, they cannot be set off by him against the demand of the bank. (*Diven* v. *Phelps*, 34 Barb. 224.)

But it was necessary for the plaintiff to prove that the bank was insolvent at the time of the assignment of the accounts. This was not accomplished by the judgment of dissolution, for that only related back to the eighteenth of November.

The only other evidence in the record bearing upon the question of insolvency is to be found in the third clause of the agreed statement of facts, and it reads as follows: " That at the time of the commencement of said action the said North River Bank was insolvent, having suspended its banking business on or about the 12th day of November, 1890." This statement of insolvency, it will be observed, is carefully confined to the date of the commencement of the action, a date subsequent to the assignment of the accounts to the defendant.

We may conjecture that the bank was insolvent on the day that it suspended its banking business, and that the defendant purchased these accounts with knowledge that such was the fact, but we are certainly not at liberty to treat this as a fact in view of the stipulation.

The exceptions should be sustained and a new trial granted, with costs to the defendant to abide the event.

Van Brunt, P. J., and Follett, J., concurred.

Exceptions sustained, new trial granted, costs to defendant to abide event.