R. H. VAN PELT, *Executor of the estate of Reuben Van Pelt, deceased*, v. JOHN E. STRICKLAND, *Executor of the estate of Miles Strickland, deceased, et al.*

### No. 11137.

CORPORATIONS—*Stockholder's Liability—Equitable Assignment to Creditor of Offset.* S., a stockholder in an insolvent corporation, was also a creditor of the same, holding certain defaulted debenture bonds issued by the company, nearly equal to the stock owned by him. When sued by a judgment creditor of the corporation to enforce his statutory liability, the claim of S. against the company was allowed to extinguish *pro tanto* his said liability as such stockholder, preventing a recovery by the plaintiff of a judgment against S. for an amount equal to the amount of the debenture bonds which the corporation owed S. *Held*, that equity requires that the defendant assign to plaintiff the said debenture bonds of the corporation and a judgment obtained by him against the corporation thereon.

Error from Wabaunsee district court; WILLIAM THOMSON, judge. Opinion filed June 10, 1899. Modified.

#### STATEMENT.

THE facts necessary to be considered are as follows : The Western Farm Mortgage Trust Company was, at the time this action was commenced, a corporation existing under the laws of the state of Kansas, and prior to February, 1892, had been engaged for

several years in the business of making loans on real-estate security, and guaranteeing and selling bonds and mortgages. In February, 1892, said corporation wholly suspended business, and at the time this suit was commenced it was totally insolvent. On the 5th day of December, 1896, plaintiff in error, executor, recovered a judgment against said trust company in the United States circuit court for the district of Kansas for $4907, the same to bear interest at six per cent. per annum from that date, said judgment being based upon a contract of guaranty in writing indorsed upon a mortgage bond delivered to and owned by the plaintiff below. Execution was issued on the judgment and returned wholly unsatisfied. Miles Strickland, testator of defendant in error, between March 16 and September 30, 1889, both inclusive, became the owner of sixty full-paid shares of the capital stock of the said Western Farm Mortgage Trust Company, of the par value of $100 each, to the total amount of $6000. At the time of the death of said Miles Strickland, and at the time the said corporation suspended business, in February, 1892, the Western Farm Mortgage Trust Company was indebted to said Miles Strickland in the principal sum of $5000 upon five debenture bonds issued by the corporation. On the 7th day of May, 1897, said John E. Strickland, as executor, recovered a judgment against said trust company in the district court of Douglas county, Kansas, upon said debenture bonds, for the sum of $5435.97 debt and $7.35 costs, which judgment bears interest at the rate of seven per cent. per annum from date thereof. Execution was issued on said judgment and returned unsatisfied. Said debenture bonds so owned by Miles Strickland were of a certain series numbered 14, which series amounted to

the total sum of $100,000. To secure the payment of said debentures comprising that series the trust company deposited with certain trustees, whose names were indorsed on the debentures, mortgage bonds, notes and other evidences of indebtedness which were liens upon improved real estate then appraised at not less than two and one-half times the par value of such securities, amounting to five per cent. in excess of the amount of all said debentures. The trustees have been engaged for some time in collecting said bonds, notes and evidences of debt for the purpose of paying off the debentures, and have paid out of the proceeds of said securities dividends on the same, including those held by John E. Strickland as executor, aggregating twenty per cent. of their par value, which payments were duly indorsed thereon. The trustees still have in their possession a part of the mortgage bonds, notes and other evidences of indebtedness so deposited with them to secure said debentures, together with moneys, lands and other property which they have realized from the collection and sale of said securities.

The defendant below in his answer set up the judgment obtained by him against the corporation, and prayed the court that he might set off the amount of this judgment against the amount of his statutory liability to the plaintiff as a stockholder. This relief was granted, and judgment rendered in favor of plaintiff below against the defendant for $400. The court arrived at this amount by finding the difference between the judgment obtained by him against the trust company on the debenture bonds and the amount of stock held in the corporation by the defendant below. On the final submission of the case to the court, the plaintiff below requested that in case it should be held that John E. Strickland, as executor of Miles

Strickland, deceased, was entitled to set off the indebtedness due him from the Western Farm Mortgage Trust Company against his liability on account of Miles Strickland having been a stockholder in said trust company, then as a part of the judgment the court order and decree that the plaintiff below be subrogated to all the rights and interests of said John E. Strickland, as executor, in and to the property and securities in the possession of the trustees for the holders of debenture bonds, series No. 14, of the Western Farm Mortgage Trust Company. This request was denied by the court and judgment for plaintiff entered as above stated.

*Stebbins & Evans*, for plaintiff in error.
*Cornell, Hick & Jones*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: By exercising his right of set-off as against the corporation, the defendant in error defeated the plaintiff below in his effort to obtain judgment for a greater part of the latter's liability as a stockholder to creditors. The defendant below might be said to have had two funds available for the payment of his judgment of $5500 against the corporation, rendered on the defaulted debenture bonds held by him : (1) His own liability as a stockholder in the corporation to the amount of $6000 ; (2) his interest in the debenture securities executed and delivered directly to him by the corporation ; while the plaintiff in error could look to but one fund — the stockholder's liability of defendant in error. It is a general rule of equity that if a prior creditor satisfies his demand out of a fund which alone is pledged to a junior creditor, and thereby exhausts that fund, equity will subrogate

the latter creditor to the former's lien upon that fund which is not exhausted. (Sheld. Sub., § 62.) See, as particularly applicable to the facts in the case at bar, *Hudkins v. Ward*, 30 W. Va. 204, 3 S. E. 600.

The defendant below, when sued as a stockholder, said to plaintiff: "The corporation owes me nearly as much as the amount of my stock, as evidenced by my judgment against it on its debenture bonds. I will set off this liability of the corporation to me against my liability to you as a stockholder." The position taken by the defendant below was concurred in by the trial court. He was allowed to offset the amount of his claim and judgment against the trust company as against his stockholder's liability. His statutory liability as such stockholder was discharged by the surrender of his claim against the corporation on the debenture bonds. The plaintiff below now says : "Give to me the claim which the defendant had against the corporation. His use of it as a set-off against the corporation prevented me from obtaining a judgment against him on his liability as a stockholder. He has thus, to the extent of said claim, been discharged from his liability to me by reason thereof."

The defendant below can have no interest in opposing the demand of the plaintiff below, for the former has no further claim against the corporation based on the debenture bonds. He has used the same in discharge of his liability as a stockholder. If, as is said, there is $500 or any other amount to the credit of the defendant in error in the hands of the debenture trustees, the proceeds of mortgages deposited to secure the debentures, he cannot receive it. He must and has surrendered all claim to the same. The case is not analogous to bonds paid by the company. If the

company has paid them its capital stock or assets would have been diminished in proportion to the amount paid. This process of set-off did not have such effect. Miles Strickland and his associate debenture holders never contracted with the trust company or with each other with reference to a contingency presented by the case at bar, and the same could not, in the reason of things, have been anticipated. If the contention of plaintiff in error is to prevail, the debt which the corporation owes him is satisfied to the extent of the amount he can collect on the $400 judgment against the Strickland estate and the amount he may collect on the debenture bonds held by Strickland. The amounts plaintiff in error may thus receive reduces his judgment against the corporation in proportion, consequently relieving other stockholders from their liability to him, without affecting any of the rights of the defendant in error.

It seems to us that the rules of equity demand an assignment by defendant in error of the debentures and judgment thereon to the plaintiff in error, placing him in the shoes of defendant below. The prayer for general relief is sufficient to permit the equities of the parties to be thus adjusted under the pleadings. Nor do we think that the trustees holding the securities back of the debentures are necessary parties. The defendant below can be required to make the assignment of his debentures and judgment, which are mere choses in action, on pain of suffering a personal judgment to be rendered against him for the whole amount of the judgment of plaintiff below against the corporation, or a decree entered which shall itself operate as an assignment. Such a disposition of the case benefits other stockholders and nowise affects prejudicially the rights of defendant in error. In *Crippen v. Chap-*

*pel*, 35 Kan. 499, 11 Pac. 453, it is said: "The right of subrogation, or of equitable assignment, is not founded upon contract alone, nor upon the absence of contract, but is founded upon the facts and circumstances of the particular case, and upon principles of natural justice."

The equitable rights of the plaintiff in error are superior to those of the debenture holders, because it is solely through the suit brought by the former that the stockholder's liability of the defendant in error became available for the payment of his claim. It is only by reason of this suit that the security in the hands of the trustees is released for the benefit of any creditor of the insolvent corporation.

The judgment will be modified, with directions to the court below to proceed further in accordance with this opinion.