BROADWAY NATIONAL BANK *vs.* NELSON K. BAKER.

SAME *vs.* ABBIE S. LEWIS.

SAME *vs.* DAVID A. SMALL.

SAME *vs.* GEORGE F. BAKER.

Suffolk.    November 22, 23, 1899. — June 9, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, HAMMOND,
& LORING, JJ.

*Liability of Stockholder in Foreign Corporation — Judgment — Action — Stat-
ute of Limitations — Laches — Equitable Defence — Husband and Wife —
Guaranty.*

Stockholders in corporations organized under the laws of Kansas are liable sever-
ally, and not jointly, to the judgment creditors of the corporation who pursue the
remedy provided by Gen. Sts. of Kansas of 1889, par. 1192. This liability is
transitory, and may be enforced in any court of general jurisdiction in a State
where personal service can be made upon a stockholder; and the failure of such
a creditor to recover judgment against a resident stockholder in this Common-
wealth, and to have the execution returned unsatisfied here, is no bar to an action
on the judgment recovered in Kansas.

In this case, which was an action against a stockholder in a corporation organized
under the laws of Kansas, upon a judgment recovered against the corporation
there, the statute of limitations of that State is not a bar.

The doctrine of laches does not apply in an action at law in reference to which
there is an express statute of limitations.

A stockholder in a corporation organized under the laws of Kansas, who holds
claims against the corporation, may, in accordance with the law in that State,
avail himself of the same as an equitable defence to an action against him here
upon a judgment recovered against the corporation there; but although by the
law of that State he also may be allowed to set off the amount paid by him in
good faith for claims purchased after the insolvency of the corporation, if such
a claim is one owned originally by his wife, he cannot set it off in the absence of
evidence that the arrangement was such a purchase in good faith or such a pay-
ment as entitles him to use the claim as an equitable defence to this action.

A loan and trust company, upon the sale by it of a bond of another corporation, has
power to guarantee the payment of such bond to the purchaser.

FOUR ACTIONS OF CONTRACT against the defendants, as stock-
holders of the Commonwealth Loan and Trust Company, a cor-
poration organized under the laws of Kansas, upon a judgment
recovered against the corporation in the Circuit Court of the
United States for the District of Kansas on December 8, 1893,

the actions being based upon the provisions of Gen. Sts. of Kansas of 1889, par. 1192.* The cases were tried together in the Superior Court, before *Braley*, J., who directed the jury to return a verdict for the plaintiff in each case; and, at the request of the defendants, reported the cases for the determination of this court.    The facts appear in the opinion.

The cases were argued at the bar in November, 1899, and afterwards were submitted on briefs to all the justices except *Lathrop*, J.

*F. T. Benner*, for the defendants.

*W. R. Bigelow*, for the plaintiff.

KNOWLTON, J.    The principal questions in these cases have lately been considered by this court, and by several other courts, State and Federal.    The case of *Hancock National Bank* v. *Ellis*, 166 Mass. 414, and 172 Mass. 39, was brought under the same statute as the present cases, and is like them in its facts. *Howarth* v. *Lombard*, 175 Mass. 570, was brought under a statute in the State of Washington, which is different in its provisions, and is differently construed by the Supreme Court of that State; but the principles stated in the opinion in that case are for the most part equally applicable to the causes now before us.    In *Whitman* v. *Oxford National Bank*, 176 U. S. 559, the first mentioned statute was carefully considered, many cases were referred to, and a conclusion was reached in entire accord with the other cases above cited.

It is settled by these decisions that stockholders in corporations organized under the laws of Kansas are liable severally, and not jointly, to the judgment creditors of the corporation

---

* This paragraph is as follows: "If any execution shall have been issued against the property or effects of a corporation except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

who pursue the remedy provided by paragraph 1192 of the Gen. Sts. of Kansas of 1889. The liability of stockholders under this paragraph, although statutory in its origin, is contractual in its nature. It arises under the contract of subscription to the capital stock, made in becoming a stockholder. This liability is transitory, and may be enforced in any court of general jurisdiction in a State where personal service can be made upon the stockholder. These doctrines are laid down by the Supreme Court of Kansas, and are followed by this court. *Howell* v. *Manglesdorf*, 33 Kans. 194. *Abbey* v. *W. B. Grimes Dry Goods Co.* 44 Kans. 415. *United States National Bank* v. *Magnuson*, 57 Kans. 573. *Ball* v. *Reese*, 58 Kans. 614. In *Hancock National Bank* v. *Farnum*, 176 U. S. 640, it was held, reversing the decision of the same case in 20 R. I. 466, that upon the facts proved the plaintiff had a right to recover under the Constitution of the United States, Art. I., sect. 1, and under the U. S. Rev. Sts. § 905, passed in pursuance thereof. The language of this part of the Constitution is as follows: "Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." This decision, on constitutional grounds, is controlling upon State courts in favor of creditors who seek to enforce against non-resident stockholders the liability declared by the Supreme Court of Kansas to exist under the constitution and laws of that State. Referring to this liability, this court, in *Howarth* v. *Lombard*, 175 Mass. 570, 575, used language as follows: "In *Hancock National Bank* v. *Ellis*, 166 Mass. 414; *S. C.* 172 Mass. 39, the plaintiff was allowed to recover because a substantive right had grown up which had been held by the court of Kansas to be contractual, and because the preliminary proceedings in Kansas had been taken, which were necessary under the statute to the enforcement of the right in other jurisdictions. These proceedings, which were merely the recovery of a judgment against the corporation with proof that it could not be collected in the ordinary way, removed the only limitation upon the right to proceed by action against any stockholder wherever he might be found." These

authorities dispose of the defendants' argument that the failure of the plaintiff to recover judgment in this Commonwealth, and to have the execution returned *nulla bona* here is fatal to these actions, as well as their argument as to the general nature of the liability.

It remains to consider the contention of the defendants that the actions are barred by the statute of limitations or by laches. It is not contended that in any view of the case the statute of limitations of this Commonwealth is a bar to the actions, but the contention is that the statutes of Kansas on this subject relieve the defendants from all liability in these suits. It is agreed that by the terms of the statute of limitations in that State, if a person is out of the State when a cause of action against him accrues, the period limited for the commencement of the action does not begin to run until he comes into the State. It is also agreed that by the decisions of the courts of Kansas this provision applies to non-residents. The auditor has found that the defendants are all residents of Massachusetts, and it does not appear that they ever could have been sued in Kansas.

The statute of limitations in Kansas is of general application. In the statute on which the plaintiff's rights rest, there is no limitation of the right, founded on a requirement that the right be enforced within a specified period of time. Nor is there any ground for the contention that there has been laches which affects the plaintiff's rights. These are actions at law in reference to which there is an express statute of limitations, and the doctrine of laches does not apply. Even if the doctrine did apply, it does not appear that there has been unreasonable delay on the part of the plaintiff in enforcing its rights.

In the case against George F. Baker there is a defence which does not appear in the other cases. This defendant holds claims against the corporation in which his liability as a stockholder is sought to be enforced. These claims he seeks to set off or to use as an equitable defence against the claim of the plaintiff. It is clear that under the statutes relating to set-off in actions at law he cannot avail himself of these claims as an answer to the plaintiff's suit. They are not claims against the plaintiff. But it is held in Kansas that a stockholder who in

good faith has voluntarily paid a creditor of a corporation in recognition of his liability under the statute, may avail himself of the payment as an equitable defence to an action of this kind, brought against him by another creditor. It is assumed not only that a stockholder who is also a creditor of the corporation may pay himself in recognition of his liability as a stockholder, but that in good faith he may purchase claims of other creditors after the insolvency of the corporation is known, and that he may be allowed, as an equitable defence, for the amount so paid. *Abbey* v. *Long*, 44 Kans. 688, 692. *Milford Savings Bank* v. *Joslyn*, 59 Kans. 778. *Van Pelt* v. *Strickland*, 60 Kans. 584. It is assumed or implied in the federal courts that such an equitable defence may be allowed. *Brown* v. *Trail*, 89 Fed. Rep. 641, 645. *Whitman* v. *Oxford National Bank*, 176 U. S. 559. The auditor finds that the statutes in Kansas abolish the distinction between law and equity, and establish one form of proceeding called a civil action. He also finds that under these statutes the defendant may set forth in his answer equitable as well as legal defences. If this suit had been brought in Kansas, it seems plain that this defendant could have availed himself of this equitable defence under a statute, to meet a liability which arises under the same statute. In considering the nature of this defence we must follow the decisions of the courts of Kansas. It is a new defence of an equitable character, founded on a new statute creating a new liability. By St. 1883, c. 223, § 14, it is provided that one may plead an equitable defence to an action at law in this Commonwealth. In his answer the defendant says that under the laws of Kansas as interpreted in the case of *Abbey* v. *Long*, 44 Kans. 688, " he has a right and equity to set off against the alleged claim of the plaintiff in this action " the claims which he describes, which he says he held against the Commonwealth Loan and Trust Company when the plaintiff's suit was commenced. This language indicates, although not very clearly, that he intended to avail himself of his right in equity under our statute. No question of pleading was raised at the trial, and if an amendment to the answer is necessary, the defendant, under the terms of the report, should have an opportunity to make it.

It is contended that the Commonwealth Loan and Trust

Company could not bind itself by such guaranties as it made to the defendant.* We are of opinion, on the facts found, that its guaranties are binding. See *Van Pelt* v. *Strickland,* 60 Kans. 584. It does not appear that such a contract, made by such a corporation in connection with the sale of a bond, was *ultra vires.* We are of opinion that this defendant has an equitable defence against the plaintiff's claim for the amounts due on the five hundred dollar bond No. 2,251, on the four hundred dollar loan No. 1,613, and on the Fritze loan No. 277, being $1,252.67 in all. The other three claims were originally owned by his wife, and were taken by him to save her from loss after the suspension of the Commonwealth Loan and Trust Company. Under the decision in Kansas, for loans purchased after the insolvency of the company he could only be allowed the amounts paid by him in good faith for the claims which he obtained. Apart from such disabilities in reference to contracting as exist between husband and wife in this Commonwealth, the report does not show that this arrangement was such a purchase in good faith, or such a payment, as entitles this defendant to use the claims of his wife as an equitable defence to this action.

The result is that in the first three cases judgments are to be entered on the verdicts, and in the case against George F. Baker judgment is to be entered for the plaintiff for the amount of the verdict, less $1,252.67, the amount of the enforceable claims which he holds against the corporation.

*Ordered accordingly.*

---

* The form of the guaranty in each instance was as follows. "For value received the Commonwealth Loan and Trust Company hereby guarantees the prompt payment of the interest on the within note as it becomes due, and the collection and payment of the principal sum thereof within two years after the date of default (if any be made), in the payment of the same, and agrees to pay interest upon said note after such default at the rate of seven per cent per annum, computed semi-annually. On condition, however, that this company may at any time purchase the within note of the holder thereof, by paying therefor the face value thereof and the accrued interest thereon at the rate of seven per cent per annum, to be computed semi-annually."