Carver v. Adams.

GEORGE W. CARVER v. GEORGE W. ADAMS.

*Offset. Pleading. New York Statute.*

The statute of New York, (2 N. Y. St. at Large, p. 252, § 57,) providing that "If a defendant neglect to plead or give notice of any set-off, which might have been allowed to him, on the trial of the cause, he shall be forever thereafter precluded from maintaining any cause to recover," &c., held to relate to the remedy, and is local in its operation, therefore cannot be a defence to an action brought by such defendant in this state to recover the claim so neglected to be plead in New York.

The auditor found what the New York statute was from the parol evidence of an attorney and counsellor of New York, and by the authorized statute book of that state. *Held,* that the statute was duly proven.

BOOK ACCOUNT. The main question pertains to the effect of a certain New York statute, which is sufficiently referred to in the opinion of the court.

On the hearing on the report of the auditors and exceptions thereto, at the September Term, 1864, KELLOGG, J., presiding, judgment was rendered for the defendant,—to which the plaintiff excepted.

*Reuben R. Thrall* and *C. C. Dewey,* for the plaintiff.

*W. H. Smith,* for the defendant.

The opinion of the court was delivered by

STEELE, J. The domicile of both parties to this action was in the state of New York, when the claim, which the plaintiff seeks to enforce, accrued, and has been ever since. The plaintiff had an opportunity to plead this claim in off-set, in a former suit between him and the defendant, in that state. That opportunity he neglected to improve. The auditor finds, that on account of this neglect, the

plaintiff, by a statute of New York, which, we think, was duly proven before him, " is forever precluded from maintaining any action upon the claim." 2 N. Y. Stat 250 § 50, 252 § 57. If that statute prevents a recovery in this state, as it would in New York, the auditor finds for the defendant; if not, he allows the plaintiff's account.

As a general rule, laws of remedy are local in their operation. Matters relating to the remedy are governed by the law of the country, where the suit is brought, while questions, upon the original validity, and the interpretation of a contract, are determined by the laws of the place, where it is made, unless it is entered into with a view to performance in another country. *Bank* v. *Donally*, 11 Curtis, 130, (from 8 Peters, 872;) *Wilcox* v. *Hunt*, 13 Curtis, 212, (13 Peters, 379;) *Robinson* v. *Bland*, 2 Burrows, 1077; *Prentiss* v. *Savage*, 13 Mass. 23. It is true that our courts, like those of most countries, have refused to enforce the payment of a foreign debt, which has by the foreign insolvency law been regularly *discharged*. *Peck* v. *Hibbard*, 26 Vt. 698. But it is to be remembered, that statutes of insolvency provide in express terms for the *discharge* of the obligation, and that the matter is adjudicated, in a competent court, upon petition, notice, proof, and a regular course of judicial proceedings, ending in a judgment, or decree of discharge. See 2 New York Statutes at Large, p. 17, § 1, p. 20, § 22, Edmund's Edition. It is often said that such debts cannot be enforced, because, though unpaid, they are *extinguished*. This is the language of Judge STORY, and perhaps of some decisions. Story's Conflict, § 338, *et passim*. The expression is open to criticism; for debts so discharged have been uniformly held to be capable of becoming a valid consideration of a new promise, even in the country where the discharge is granted. *Farmers & Mechanics* v. *Flint*, 17 Vt. 508; 1 Parsons' Contracts, p. 308, and cases cited; *Maxim* v. *Morse*, 8 Mass. 127. If a debt can be revived, it is not extinguished. The expression is used for the purpose of bringing such discharges within the operation of the *lex loci contractus*, and destroying the analogy between them, and statutory bars to a recovery, which have been held to be remedial laws. But the most manifest reason, for holding valid a foreign discharge in bankruptcy, seems to be, that the rules of comity

require the courts of one country to respect the decrees of the courts of another, upon matters and persons, situated, and domiciled under their jurisdiction. *Peck* v. *Hibbard, supra; Rose* v. *Himely,* 2 Curtis, 88–9, (from 4 Cranch, 269–70.) The New York statute under consideration differs from the insolvency statute, because it neither professes to discharge the claim, which should have been plead in offset, nor to authorize any judgment, or decree upon it. It simply provides that the party, guilty of neglect, " shall be forever precluded from maintaining any action thereon." The manifest object of the statute is to prevent a multiplicity of suits. It declares, that, if a party does not plead his claim in offset, when he is in court, the court will not be troubled with his claim afterwards. It is a statute of *rest*. like the statute of limitations, which shuts the doors of court upon a party after he has had an opportunity to come in, for a certain number of years. Statutes of limitation have been repeatedly held to be merely remedial, in their nature, and local, in their application, and the reasoning upon them is equally applicable to this. *Cartier* v. *Page,* 8 Vt. 146 ; *Bulger* v. *Roche,* 11 Pick. 36.

In the last case cited, Shaw, Ch. J., decides the remainder of the question, left open by Story, J , in the case *LeRoy* v. *Crowningshield,* 2 Mason Circuit Ct. Rep. 151, in reviewing his former opinion in 1 Gal. R. 371. It may therefore be now regarded as settled that the fact of the parties being .domiciled abroad does not give force to a foreign statute of limitation, a doctrine which has never received much approval. This statute relates to the remedy. It does not make an element of the original contract. It by no means follows, that because a person has lost a remedy in one state, he may not have it in another. If he has a debt unpaid, and undischarged, the question, whether he has a remedy, or in the words of the statute, whether he can " maintain any action thereon," or plead the same in offset, must be determined by the law of the forum, in which he seeks relief. See Story's Conflict, § 575 ; *Ruggles* v. *Keeler,* 3 Johns. 263. For these reasons, we think the disability of the plaintiff under the New York statute, cannot be considered in ascertaining his right of recovery here.

The judgment of the county court is reversed, and the account is allowed.