LOUIS C. RAEGENER, as Receiver of the EQUITABLE MUTUAL FIRE INSURANCE CORPORATION OF NEW YORK, Respondent, *v.* NORMAN HUBBARD, JR., Appellant.

1. INSURANCE — LIABILITY OF MAKER OF CAPITAL STOCK NOTE OF MUTUAL FIRE INSURANCE COMPANY. A capital stock note of a mutual fire insurance company, payment of which is made subject to the conditions and obligations of the Insurance Law (L. 1892, ch. 690), imposes an absolute obligation upon the maker to pay it whenever the company shall deem it necessary for the payment of losses and for the transaction of its business, and he cannot set off in an action thereon any damages arising from the default of the company in its agreement to insure him, since neither failure of consideration nor any agreement with the company is admissible as a defense to deprive a creditor of the security the statute has granted to him.

2. ISSUANCE OF POLICY WITHIN THIRTY DAYS NOT A CONDITION PRECEDENT TO RECOVERY. The promise to pay expressed in the note and the requirement of section 111 that a policy must be issued within thirty days after the organization of the corporation are independent covenants, and the issuance of the policy within the required time is not a condition precedent to a recovery upon the note.

3. VALIDITY OF NOTE NOT AFFECTED BY FAILURE OF COMPANY TO HAVE SUM REQUIRED BY STATUTE UPON RECEIPT OF LICENSE. The provision that such company must have a specified sum in cash at the time of the receipt of its license to do business is for the sole benefit of persons who may deal with it and not for the benefit or security of the organizers who give capital stock notes. and that it should have such sum is not a condition precedent to the validity of the note.

*Raegener* v. *Hubbard*, 40 App. Div. 359, affirmed.

(Argued April 24, 1901; decided June 4, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June

1, 1899, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Everett V. Abbot* for appellant. At the time of its delivery the note was not a contract. It was to become a contract only upon the happening of several contingencies, among which were the issuance to the defendant of a policy of the company within thirty days after the incorporation became complete, and the payment into the company's treasury of $40,000 in cash. Neither of these conditions was satisfied. (*Williams* v. *Babcock*, 25 Barb. 109 ; *Seymour* v. *Cowing*, 4 Abb. Ct. App. Dec. 200 ; *Brackett* v. *Barney*, 28 N. Y. 333; *Bronson* v. *Noyes*, 7 Wend. 188 ; *Capasso* v. *Woolfolk*, 163 N. Y. 472.) The note, being a conditional, non-negotiable chose in action, is subject to equities even in the hands of an innocent purchaser for value. An agreement that the company would find another notemaker to assume the defendants' obligation constitutes, when not fulfilled, such an equity. (*Tuckerman* v. *Brown*, 33 N. Y. 297.)

*Alfred A. Cook* and *Leopold Wallach* for respondent. One who has enjoyed the benefits and privileges of membership in a corporation cannot, when called upon to perform the obligations of membership, assert that the corporation was not legally organized, or did not comply with the requirements of law. (*United Growers Co.* v. *Eisner*, 22 App. Div. 1 ; *Aspinwall* v. *Sacchi*, 57 N. Y. 331; *P. W. Co.* v. *Badger*, 67 N. Y. 294; *Chubb* v. *Upton*, 95 U. S. 665 ; *B. & A. R. R. Co.* v. *Cary*, 26 N. Y. 75 ; *S. & S. P. R. Co.* v. *Thatcher*, 11 N. Y. 102 ; *Eaton* v. *Aspinwall*, 19 N. Y. 119 ; *C. L. R. R. Co.* v. *Kyle*, 64 N. Y. 185 ; *D. C. Manufactory* v. *Davis*, 14 Johns. 238 ; 2 Thomp. on Corp. §§ 1849, 1850, 1856 ; 2 Morawetz on Priv. Corp. § 743 ; Cook on Stock & Stockh. §§ 184, 185.) The conditions and obligations to which payment of a capital stock note, given pursuant to the Insurance

Law, is subject, are only the conditions and obligations referring to the maturity of the obligation to pay the note. (L. 1892, ch. 690.) The receiver is entitled to collect the assessment levied, even though the corporation failed to issue a policy of insurance to the notemaker. (*Osgood* v. *Strauss*, 65 Barb. 383; 55 N. Y. 672.)

CULLEN, J. This action is brought by the receiver of a mutual fire insurance company to recover on a capital stock note executed and delivered by the defendant to the corporation, in the form following: " No. 171. $400.00. Capital Stock Note of the Equitable Mutual Fire Insurance Corporation of New York. New York, February 12th, 1894. On demand I promise to pay to the order of The Equitable Mutual Fire Insurance Corporation, at its offices in the City of New York, the sum of four hundred dollars, Value Received. Payment hereof is subject to the conditions and obligations of ' The Insurance Law ' of the State of New York (Chap. 690, Laws of 1892), and the By-law of the said Corporation, printed on the back of this note. Norman Hubbard, Jr., 137 Broadway, New York." The complaint alleged the incorporation of the company and its license or authorization to transact business; the application by the defendant for insurance and the execution and delivery by him of the said promissory note; the subsequent issue to defendant of a policy of insurance for $5,000; the insolvency of the corporation and the appointment of the plaintiff as receiver. The receiver assessed the capital stock notes of the company sixty per cent of their face value to meet the liabilities incurred by the corporation and the expenses of the business. The defendant raised three objections to a recovery on the note. *First,* the failure of the company to issue to him a policy of insurance within thirty days after its license to do business; *second,* that the company failed to raise the sum of $40,000 in cash required by the statute as a condition precedent to the receipt of such license; and, *third,* that the note was delivered to the corporation on its agreement to procure, within a reasonable time after it had

been used by the company for the purpose of its organization, in substitution thereof, a note or contract of some other party acceptable to the insurance department. The trial court directed a verdict in favor of the plaintiff and the judgment entered thereon was affirmed by the Appellate Division.

The first general statute for the incorporation of insurance companies was passed in 1849 (Chap. 308), such companies having previous to the Constitution of 1846 been chartered by special acts. This statute, although another general act for the incorporation of fire insurance companies was passed in 1853 (Chap. 466), is the basis of the legislation now existing on the subject found in the Insurance Law. (Chap. 690, Laws of 1892.) The act of 1849 made a clear distinction between capital stock notes given in order to effect the organization of a mutual company, and premium notes given to effect insurance in the company after it had been formed; a distinction that had theretofore obtained only in some of the special charters. (See review of this subject in opinion, DENIO, J., *White* v. *Haight*, 16 N. Y. 310.) The provision in the act of 1849 concerning the stock notes was that they should "be considered a part of the capital stock, and shall be deemed valid and shall be negotiable and collectible for the purpose of paying any losses which may accrue or otherwise." It has been held that a note given under this statute "is not like an ordinary commercial note, where a partial failure of consideration may be set up as between the original parties," but "a statutory security, the validity of which may be rested entirely upon the statute authorizing it to be taken and does not at all depend upon any question of consideration" (*Deraismes* v. *Merchants' Mutual Ins. Co.*, 1 N. Y. 371); that the liability thereon is absolute (*White* v. *Haight, supra; Howland* v. *Edmonds*, 24 N. Y. 307), and that any agreement with the corporation for the surrender of such a note is void as depleting the capital of the company and impairing the security of its creditors. (*Tuckerman* v. *Brown*, 33 N. Y. 297.) It will be seen by perusing the opinions in the cases cited that this court has regarded that such notes were as

absolutely the capital stock of the company as if the money had been paid into the company and thereafter loaned to the various makers of the notes. In the act of 1853 the phraseology as to the character of these notes is altered. The provision found in that of 1849, that the notes "shall be deemed valid and shall be negotiable and collectible for the purpose of paying any losses which may accrue or otherwise," is omitted and in place thereof there is inserted in the act of 1853 : " Each of said notes shall be payable, in part or in whole, at any time when the directors shall deem the same requisite for the payment of losses by fire or inland navigation, and such incidental expenses as may be necessary for transacting the business of said company." By section 13 of the latter act this further provision is made : "All notes deposited with any mutual insurance company at the time of its organization, as provided in section six, shall remain as security for all losses and claims until the accumulation of the profits, invested as required by the eighth section of this act, shall equal the amount of cash capital required to be possessed by stock companies organized under this act, the liability of each note decreasing proportionately as the profits are accumulated." This is substantially the language of the present law. Whether this change has affected in any way the right of the corporation to negotiate these notes it is unnecessary to determine. Certainly the absolute liability on the notes whenever the corporation shall deem payment requisite for the payment of losses and for transacting the business of the company, has been in no respect diminished. Indeed, it has rather been emphasized by the express direction that they shall continue as security for losses or claims against the company till the accumulated profits equal the capital required in stock companies. The decisions of this court in reference to the liability of the makers of stock notes under the act of 1849 apply with full force to corporations organized under the present law. Neither failure of consideration nor any agreement with the company is admissible as a defense to deprive the creditor of the security the statute has granted him. If the company

39

of which the plaintiff is receiver has made any default in its agreement to insure the defendant, he may prove his claim therefor the same as any other creditor and share through the receivership in the assets of the corporation; but he cannot set off such damages as a counterclaim to his liability on the note (*Lawrence* v. *Nelson,* 21 N. Y. 158), much less use such failure to entirely defeat the note on the ground of want of consideration. (*Deraismes* v. *Merchants' Mutual Ins. Co., supra.*)

The provision of the Insurance Law (Sec. 111), that "no note shall be represented as capital stock unless a policy be issued upon the same within thirty days after the organization of the corporation," did not inure to the benefit of the defendant. The promise to pay expressed in the note and the agreement and statutory requirement to issue a policy of insurance are not dependent covenants. They are not concurrent in time of performance, the note being payable on demand at any time after the license of the company to transact business, while the policy is not required to be issued till thirty days after that time. The covenants were, therefore, independent, and tender of performance by the company was not a condition precedent to a recovery on the note. (*Kirtz* v. *Peck,* 113 N. Y. 222; *Morris* v. *Sliter,* 1 Denio, 59; *Williams* v. *Healey,* 3 id. 363.) The direction cited from the statute applies to reports to be made by the companies to the insurance department, and it may be also in computations on the question of the solvency of a company, but it has no effect on the liability of the maker of the note.

The defendant offered to prove that the corporation, at the time it received authority to do business from the superintendent of insurance, did not have the sum of forty thousand dollars in cash as required by the statute. This evidence was excluded over the defendant's objection and exception. We are not entirely clear as to the point of the appellant's contention in this respect. His counsel disclaims any attempt to impeach the validity of the incorporation of the company, an attempt which would be futile. (*Buffalo & A. R. R. Co.* v.

*Cary,* 26 N. Y. 75 ; *Aspinwall* v. *Sacchi,* 57 N. Y. 331.) He contends, however, that it was a condition precedent to the validity of the note that the company should first secure such sum. We do not appreciate the grounds on which this claim is based. Certainly, the company made no contract with the defendant in that respect, and if it had, we have seen that such contract would be entirely unavailable as a defense. This requirement is imposed solely for the security of persons who may deal with the company, and in no respect for the benefit or security of the organizers who give the capital stock notes.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur.

Judgment affirmed.