THORNTON W. SARGENT *vs.* AMOS W. STETSON.

Suffolk.    March 6, 7, 1902. — May 21, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Kansas. Corporation. Practice, Civil,* Amendment, Equitable defence. *Limitations, Statute of.*

Under the law of Kansas, it is a good equitable defence to an action to enforce a stockholder's liability under the statutes of that State, that the defendant purchased in good faith and for full value exceeding in amount his liability a note guaranteed by the corporation, and the fact that the note and the mortgage securing it were not transferred to the name of the defendant is immaterial.

In an action to enforce against a resident of Massachusetts a statutory liability as a stockholder of a Kansas corporation, the defendant set up as an equitable defence, that he purchased for full value exceeding in amount his liability a note guaranteed by the Kansas corporation. It was contended by the plaintiff that this note was barred by the statute of limitations. *Held,* that the equitable defence did not depend on the defendant's right to maintain an action at law against the corporation, but were it otherwise, a suit on the note would not be barred by lapse of time because, first, the Kansas statute of limitations has no force here, and secondly, our statute of limitations does not run in favor of a foreign corporation which could not be sued in this Commonwealth.

The fact that a defendant has pleaded in set-off as the holder of a certain note is no reason for refusing to allow him to amend his answer by setting up an equitable defence, averring payment of the note by him · in discharge of a guaranty thereon.

CONTRACT by the holder of four bonds of the Davidson Investment Company for $3,500 in all, to enforce the liability of the defendant under Gen. Sts. of Kansas of 1889, ¶¶ 1200, 1204, as the holder of twenty-five shares of $100 each of the capital stock of that company. Writ dated March 6, 1900.

The answer among other matters pleaded in set-off a claim upon a certain note for. $2,000 and interest guaranteed by the Davidson Investment Company and alleged to be owned by the defendant. By an amendment to the answer the defendant set up equitable defences, consisting of equitable ownership of the note alleged to have been purchased by him for $3,080, and also the alleged discharge of the guaranty of the Davidson Investment Company by such payment of the defendant.

In the Superior Court *Gaskill,* J. refused the plaintiff's requests for rulings, and found for the defendant. At the

request of the plaintiff, he reported the case for the considera-
tion of this court. If the finding was warranted upon any
ground properly raised by the pleadings, and upon the evidence
properly admitted, it was to stand; otherwise, judgment was
to be entered for the plaintiff for $2,500 and interest at six
per cent from the date of the writ, or such other order was to
be made as justice might require.

By the report, it appeared, that the defendant, being a family
friend of one Mrs. Kingman and executor under her husband's
will, bought for her the note in question secured by a Kansas
mortgage and guaranteed by the Davidson Investment Company,
she sending him her check for $2,000 to pay for it. Later, the
investment having become nearly or quite worthless, he took
it off her hands, and gave her in place good bonds for $2,000,
which cost him that amount and afterwards sold at a premium.
The note and mortgage were not transferred to the defendant's
name, and he had foreclosure proceedings prosecuted in Kansas
in the name of Mrs. Kingman. The proceedings resulted in a
foreclosure sale, from which the amount realized was not enough
to pay the expenses of foreclosure.

*W. R. Bigelow*, for the plaintiff.

*H. M. Aldrich & E. G. McInnes*, for the defendant.

KNOWLTON, J. The only question in this case is whether
the finding in favor of the defendant was warranted by the
evidence. There is no dispute that the defendant is liable to
the plaintiff as a stockholder of the Davidson Investment Com-
pany, a Kansas corporation, unless he can maintain his defence
that he is entitled to be relieved from liability by reason of his
payment to Mrs. Kingman of the amount of a note and mort-
gage held by her as an investment and guaranteed by this cor-
poration. The evidence well warranted a finding that he paid
her the full face value of the note and mortgage, and that he
took it in good faith, and was equitably entitled to have the
benefit of it in some proper way as a claim against the corpora-
tion, or as representing a payment made by him of a debt for
which the corporation was liable. In his pleadings he claims
the benefit of his payment as an equitable defence under the
laws of Kansas, and under our St. 1883, c. 223, § 14 (R. L.
c. 173, § 28) ; and to meet any possible view of the evidence, he

makes two statements of his claim, in one averring his equitable ownership of the note, and in the other relying on his payment of a debt of the corporation, which to that extent should relieve him from liability as a stockholder. We think that the case of *Broadway National Bank* v. *Baker*, 176 Mass. 294, 298, and the decisions in *Abbey* v. *Long*, 44 Kans. 688, *Pierce* v. *Security Co.* 60 Kans. 164, *Kendall* v. *Underhill*, 8 Kans. App. 521, and in other Kansas cases, entirely justify the finding of the judge upon the evidence. The defence relied on is not technically a set-off against the plaintiff's claim, but it is a condition which equitably ought to relieve, and under the decisions of Kansas does relieve, a defendant from his liability as a stockholder on debts of the corporation, either when he holds against the corporation a debt which he bought in good faith at its face value of an amount equal to or greater than his original liability, or when he has paid such a debt for the benefit of the corporation and has received nothing in reimbursement.

The fact that there was no formal assignment of the note or mortgage is immaterial. It is the defendant's equitable relation to the corporation in reference to its debts, not his right to sue in an action at law, which gives him his defence against the plaintiff.

As the defence of the statute of limitations is not available to the defendant in answer to the plaintiff's claim from him as a stockholder (*Broadway National Bank* v. *Baker*, 176 Mass. 294, 297), so the statute of limitations does not deprive the defendant of his right to set up his equitable ownership of the note, or his payment of the note, as a condition affecting his alleged liability as a stockholder. If his right depended on the prosecution of the suit he would not be barred by lapse of time, because first, the statute of limitations in Kansas has no force here; and secondly, our statute of limitations does not run in favor of a foreign corporation which could not be sued in this Commonwealth. *Rockwood* v. *Whiting*, 118 Mass. 337. But as we have already said, his defence does not depend on his right to maintain an action at law against the corporation. It depends on facts and conditions which are to be considered from an equitable point of view, in determining whether he is now liable as a stockholder.

The.plaintiff's contention that the amendment to the defendant's answer could not be allowed because his plea of set-off was a final election which prevented him from afterwards averring a payment is not well founded. There is no good reason why he should not be permitted to make both averments. R. L. 173, § 34. *Jewett* v. *Locke*, 6 Gray, 233. *Lyons* v. *Ward*, 124 Mass. 364.

*Judgment on the findings.*