THEODORE W. STONE, receiver, *vs.* OLD COLONY STREET RAILWAY COMPANY.

Suffolk. March 20, 1912. — June 29, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Insurance. Conflict of Laws. Statute,* Construction. *Set-off. Damages,* Recoupment.

Where a street railway corporation incorporated and doing business in this Commonwealth, desiring to procure insurance against liability for accidents, signs a printed form of application and mails it to the home office of an insurance company, organized and doing business in another State, and there the application is accepted and a policy payable at the home office is signed and issued and is deposited in the mail addressed to the railway corporation, the contract of insurance is made and to be performed in the home State of the insurance company, and is not illegal because that company has not complied with the requirements of our statutes in regard to foreign insurance companies doing business in this Commonwealth. And *it seems* that the contract is none the less made in such other State, if the secretary of the foreign insurance company, when temporarily in this Commonwealth, without any intention to do insurance business here, solicits and receives the application for such insurance and takes it to the home office of the insurance company where it is acted on.

The provision of St. 1894, c. 522, § 3, now contained in St. 1907, c. 576, § 3, that "all contracts of insurance on property, lives or interests in this Commonwealth shall be deemed to be made therein," is not to be interpreted as attempting to regulate or prohibit contracts made in other jurisdictions or to deprive a citizen of this Commonwealth of the right to protect himself from loss through a contract of insurance made in another State.

An action of contract for the collection of assessments imposed by an order of a court of another State on the holders of policies in an insolvent mutual insurance corporation organized under the laws of that State, under a provision in the policies which would not be valid in a Massachusetts policy, may be maintained by the receiver of the property of the corporation in the courts of this

Commonwealth, when the contracts of insurance were made and were to be performed in such other State and there are valid.

In an action of contract by the receiver of the property of an insolvent mutual insurance corporation organized in another State, to collect an assessment decreed to be due by the order of a court of that State assessing the policy holders under the terms of a contract of insurance made in that State and there valid, which is held to be enforceable in the courts of this Commonwealth, the defendant can have no right of set-off or recoupment for the amount of his accrued claims under his policies, because this would give him a preference over other creditors and policy holders of the insolvent insurance company.

CONTRACT by the receiver of the property of the Electric Mutual Casualty Association, an insolvent Pennsylvania corporation, to recover the amount of assessments levied by a decree of the Court of Common Pleas of Dauphin County, in the State of Pennsylvania, upon certain Massachusetts street railway companies as holders of policies in the insolvent corporation insuring against liability for accidents, the defendant being the successor by consolidation of the corporations upon which the assessments in question were levied. The amount claimed was $12,463.24 with interest from August 10, 1903. Writ dated September 24, 1908.

The original declaration was upon a judgment alleged to have been obtained in the Pennsylvania court. An amended declaration, stating the plaintiff's claim as above, was filed on March 2, 1911.

In the Superior Court the case was submitted to *Bell,* J., upon an agreed statement of facts. The essential facts are stated in substance in the opinion.

The rulings requested by the defendant, which are referred to in the opinion as having been refused properly by the judge, were as follows:

"1. Upon all the evidence the plaintiff cannot recover.

"2. There is no evidence to warrant a finding for the plaintiff."

"7. Under the provisions of § 3 of St. 1894, c. 522, the contracts of insurance entered into beween The Electric Mutual Casualty Association and the Massachusetts street railway companies must be deemed to be made in Massachusetts.

"8. The insurance policies issued by The Electric Mutual Casualty Association to the defendant did not become operative or binding until their receipt by the defendant in Massachusetts and are, therefore, contracts made in Massachusetts."

"10. In soliciting the applications for, and in the execution of, the insurance policies, The Electric Mutual Casualty Association violated the provisions of sections 78 and 84 of St. 1894, c. 522, and the policies and any liability created thereby are unenforceable in this Commonwealth.

"11. The consideration for the promise of the insured to pay premiums and assessments, upon which promise this action is founded, was a contract by an insurance company which it was prohibited from making by the laws of this Commonwealth.

"12. There was no lawful consideration for the promises of the insured to pay premiums and assessments.

"13. The promises of the insured to pay premiums and assessments were without lawful consideration and are not in law binding agreements."

"16. If the contracts for insurance were agreed upon, and the terms of the policies and amounts of the premiums fixed, orally in Massachusetts the contracts of insurance are unlawful and void no matter where the policies may have been signed and delivered."

The judge found for the plaintiff in the sum of $18,507.92 and found for the defendant on the declaration in set-off in the sum of $1,595.54, being the amounts stated in the agreed facts with interest added to each from August 10, 1903, the date of demand after the decree of the Pennsylvania court.

The judge reported the case for determination by this court. If his rulings of law, his exclusion of evidence, and refusals to rule were correct, and if his findings of fact were warranted by the evidence, judgment was to be entered in accordance with his findings; otherwise, there was to be such entry as in the opinion of this court law and justice required.

*G. W. Cox & G. Murchie,* for the plaintiff.

*A. A. Ballantine,* for the defendant.

BRALEY, J. The defendant by purchase and consolidation has succeeded to the rights and liabilities of a number of street railway companies which held assessable policies of indemnity or accident insurance in the Electric Mutual Casualty Association, a corporation chartered by the Commonwealth of Pennsylvania. By the terms of the contract, whenever the fixed premiums were insufficient to pay matured claims, the directors were empowered to charge a proportional additional sum, not exceeding five per centum

on the gross traffic receipts of the assured, to cover the deficiency. The association having become financially unable to do business, it was adjudicated insolvent by a court of its domicil having full jurisdiction, and the plaintiff was appointed receiver. Upon his report of assets and liabilities a further decree was entered, levying proportional assessments on the policy holders sufficient in amount for the payment of accrued liabilities, and authorizing him if necessary to enforce collection by suit not only within the jurisdiction of the tribunal appointing him, but wherever legal proceedings might be necessary. It is in pursuance of these decrees, that the present action has been brought to collect from the defendant the combined amount of the assessments due from the policy holders of which it is comprised. The proceedings were before a court having jurisdiction of the association, and while the defendant was not a party, and there is no personal judgment by which it is bound, the authority of the plaintiff to enforce the defendant's contractual liability and the amount recoverable are not open to collateral attack. *Howarth* v. *Lombard*, 175 Mass. 570, 579. *Converse* v. *Ayer*, 197 Mass. 443. *American Spirits Manuf. Co.* v. *Eldredge*, 209 Mass. 590, 597. *Converse* v. *Hamilton*, 224 U. S. 243. Indeed the defendant conceded this, and the trial judge correctly ruled, that the plaintiff had not obtained judgment, and the finding distinctly rests on the amended declaration.

But the contractual relations of the policy holders and the association were unchanged by the receivership, and the defendant is not precluded from contesting its liability. *Hayward* v. *Leeson,* 176 Mass. 310. *Capital City Mutual Fire Ins. Co.* v. *Boggs*, 172 Penn. St. 91. The association not having complied with the St. of 1894, c. 522, §§ 77, 78, 79, by procuring from the insurance commissioner authority to issue policies and make contracts of insurance within this Commonwealth, it is contended under § 3, that the policies were unlawfully issued. The agreed facts regarding the negotiations, and formation of the contracts, are full and definite. A railway company desiring insurance signed the printed form of application furnished by the association and mailed it to the home office in Philadelphia where upon acceptance the policies were signed, issued and deposited in the mail properly addressed to the applicant. The judge having been warranted in finding, that the policies in suit were thus procured, the contracts were completed,

and were to be performed * in Pennsylvania. *Milliken* v. *Pratt,* 125 Mass. 374. *Brauer* v. *Shaw,* 168 Mass. 198. *Perry* v. *Mount Hope Iron Co.* 15 R. I. 380, 381. *Commonwealth Mutual Fire Ins. Co.* v. *William Knabe & Co. Manuf. Co.* 171 Mass. 265. *Stone* v. *Penn Yan, Keuka Park & Branchport Railway,* 197 N. Y. 279. *United States* v. *Thayer,* 209 U. S. 39, 43. See *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89, 95. And the defendant had the burden of proving that they were illegal. *Abraham* v. *Reserve Fund Life Association,* 183 Mass. 116, 119.

But if in making the attempt the testimony of its witness, who had acted as counsel for the insured companies and of the association, that in some instances the association's secretary had personally solicited and received applications, and taken them to the home office, was not privileged under the decision in *Thompson* v. *Cashman,* 181 Mass. 36, and should not have been excluded; the defendant is not shown to have been prejudiced. It did not appear from his very indefinite statements, that any of the policies in question had been issued on applications received by the secretary while in this Commonwealth. If, however, this evidence can be considered as susceptible of the inference the defendant urges, nothing appears indicative of any purpose of the witness, or of those with whom he advised, to evade the statute. The judge unhesitatingly decided, that in all the transactions there had been no intention on the part of the association to engage in any acts in violation of our laws, and it "did not do any acts in this State on the theory that it was entitled to do insurance business here," and the defendant does not contend that the finding is unsupported by the evidence. It being manifest that, whatever mode of receiving the applications may have been employed, the applications were finally acted upon, and the contracts were actually delivered in another State where they are conceded by the defendant not to have been illegal, the defendant's first, second, seventh, eighth, tenth, eleventh, twelfth, thirteenth and sixteenth requests could not properly have been given. *M'Intyre* v. *Parks,* 3 Met. 207. *Finch* v. *Mansfield,* 97 Mass. 89. *Graves* v. *Johnson,* 179 Mass. 53. *Reliance Mutual Ins. Co.* v. *Sawyer,* 160 Mass. 413.

---

* The policies were payable on receipt of satisfactory proof of loss at the home office.

*Commonwealth Mutual Fire Ins. Co.* v. *Fairbank Canning Co.* 173 Mass. 161, 164.

It is further contended, that our courts should not lend their aid for the collection of the assessments. No express legislative prohibition however is found, and the concluding sentence in § 3 of c. 522 of the St. of 1894, that "all contracts of insurance on property, lives or interests in this Commonwealth shall be deemed to be made therein," should not be construed by implication as intended to regulate or prohibit contracts of insurance made in other jurisdictions. *Johnson* v. *Mutual Life Ins. Co. of New York,* 180 Mass. 407, 409. It is settled, that while an insurance broker who in violation of § 98 solicits insurance in foreign companies which have not been licensed by the insurance commissioner may be prosecuted criminally, State legislation cannot deprive a citizen of the personal right to protect himself from loss, through insurance obtained on his property under a contract made outside of the State of his domicil. *Commonwealth* v. *Nutting,* 175 Mass. 154. *Nutting* v. *Massachusetts,* 183 U. S. 553. *Pierce* v. *People,* 106 Ill. 11. *Allgeyer* v. *Louisiana,* 165 U. S. 578. *Delamater* v. *South Dakota,* 205 U. S. 93, 102. The general rule, where enforcement of a foreign contract is sought against a party in the courts of his residence, has been stated in these words: "If it is valid there, it is deemed valid everywhere, and will sustain an action in the courts of a State whose laws do not permit such a contract. *Scudder* v. *Union National Bank,* 91 U. S. 406. Even a contract expressly prohibited by the statutes of the State in which the suit is brought, if not in itself immoral, is not necessarily nor usually deemed so invalid that the comity of the State, as administered by its courts, will refuse to entertain an action on such a contract made by one of its own citizens abroad in a State the laws of which permit it." *Milliken* v. *Pratt,* 125 Mass. 374, 375. A contract of indemnity against loss from casualties arising from the operation of a street railway is not detrimental to fundamental public interests, or repugnant to justice. It is not tainted with illegality, as the plaintiff is not compelled to prove an unlawful act in order to maintain the action. *Bourne* v. *Whitman,* 209 Mass. 155. The amount when recovered will constitute assets for the liquidation of the liabilities of the insolvent, and no rights of domestic creditors are impaired. Contracts creating preferential assignments where

some of the creditors are to be paid in full, and relieving common carriers from the results of their own negligence, having been valid where made, have been enforced, although such provisions are not allowed here. *Train* v. *Kendall,* 137 Mass. 366. *Frank* v. *Bobbitt,* 155 Mass. 112. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553, 557. *O'Regan* v. *Cunard Steamship Co.* 160 Mass. 356, 361. And actions grounded on ,transactions forbidden by our laws, also have been sustained to recover the price of a cargo of slaves, and of lottery tickets, sold where such sales were recognized as valid. *Greenwood* v. *Curtis,* 6 Mass. 358. See *Commonwealth* v. *Aves,* 18 Pick. 193, 215; *M'Intyre* v. *Parks,* 3 Met. 207. It would be unfortunate if relief were denied where the defendant, having received the protection conferred by the insurance, seeks to escape from the burden mutually assumed with other members, and there is no imperative reason of public policy why the plaintiff under interstate comity should not be aided and permitted to recover. In the enforcement in our courts of a foreign law differing from our own, or of a foreign contract where the rights of our citizens would not be denied or unjustly prejudiced, this principle has been fully recognized in the recent decisions of *Walsh* v. *New York & New England Railroad Co.* 160 Mass. 571; *Howarth* v. *Lombard,* 175 Mass. 570; *Putnam* v. *Misochi,* 189 Mass. 421, 423; *Converse* v. *Ayer,* 197 Mass. 443; *Walsh* v. *Boston & Maine Railroad,* 201 Mass. 527, and *American Spirits Manuf. Co.* v. *Eldredge,* 209 Mass. 590, 597. The circumstances of the present case are insufficient on which to ground an exception.

It is unnecessary to review requests which although refused have not been argued, and finding no error in the refusal to give the remaining requests, that the action could not be maintained for the reasons assigned, the allowance of the defendant's claim in set-off or in recoupment, against the objection and exception of the plaintiff, is the only question left for determination. The right of the defendant to declare in set-off or to plead in recoupment being a remedial right, it is governed by our laws where the remedy is furnished. *Blanchard* v. *Russell,* 13 Mass. 1, 5. *Bulger* v. *Roche,* 11 Pick. 35, 37. *Carver* v. *Adams,* 38 Vt. 500. *Pritchard* v. *Norton,* 106 U. S. 124, 133. The remedy of set-off being unknown to the common law is given exclusively by statute, which does not include claims or demands not within its provisions.

*Stowers* v. *Barnard,* 15 Pick. 221, 223.   34 Cyc. 626, n. 18.   If the association while solvent had levied the assessment and brought suit, the defendant would have had a cross demand for the amount of its accrued claims under the policies which although liquidated had not been paid.   R. L. c. 174, § 1.   And the set-off would have operated as a defense to the .extent for which it could have been sustained.   *Green* v. *Nelson,* 12 Met. 567, 573.   But as insolvency has intervened, the assessments when collected form a fund for the benefit of all the policy holders including the defendant whose demands comprise a part of the indebtedness which made the assessment necessary.   The defendant received the benefit of the insurance of the subsidiary companies as a party insured, while it also became an insurer for the protection and benefit of the other members.   A set-off would confer upon it a preference to the disadvantage of other creditors and policy holders, and permit it to appropriate exclusively the amount claimed in partial payment of its own demands against the insolvent, and to this extent the defendant would be relieved from the obligations of an insurer. The right invoked also has been pleaded in recoupment, but whichever form of procedure is adopted the defendant stands on an equal footing with its fellow members from the collapse of the corporation in their dual relation of insurers and of creditors.   It is because of this principle of equality where an insolvent corporation of this character is being wound up for the purpose of a proportional distribution of assets, that the right of a member who is also a creditor to set off or recoup his individual loss uniformly has been denied.   *Commonwealth* v. *Massachusetts Mutual Fire Ins. Co.* 112 Mass. 116.   *Hill* v. *Baker,* 205 Mass. 303, 308.   *Hillier* v. *Alleghany County Mutual Ins. Co.* 3 Penn. St. 470, 474.   *Long* v. *Penn Ins. Co.* 6 Penn. St. 421, 424.   *Stone* v. *New Jersey & Hudson River Railroad,* 46 Vroom, 172.   *Lawrence* v. *Nelson,* 21 N. Y. 158. *Raegener* v. *Hubbard,* 167 N. Y. 301, 306.   The company must pay the assessment, and rely on the dividend for reimbursement, and the counterclaim should have been disallowed.   In accordance with the reservation·in the report judgment is to be entered for the plaintiff in the sum of $12,463.24 with interest thereon from August 10, 1903, to the date of entry.

*So ordered.*