## JOSEPH M. EVERETT *vs.* AMASA W. B. FOSTER.

Suffolk. November 4, 1915. — April 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Fraud. Contract,* Rescission. *Assignment,* For the benefit of creditors. *Set-off.*

In an action by the assignee for the benefit of creditors of an insolvent corporation, which had been a dealer in automobiles and motor vehicles as the sales agent of another corporation, to recover the amount of a subscription signed by the defendant to take and pay for at par a certain number of shares of the capital stock of the plaintiff's assignor, the defendant as a defence sought to rescind the contract on the ground that he was induced to subscribe for the stock by false representations made by the treasurer of the company. An auditor, to whom the case was referred under a rule that his findings of fact should be conclusive, found that the statement made to the defendant by the treasurer was that "the business was in a flourishing condition and that the company had a great many prospects for the sale of new cars and had made a number of contracts with subagents for the sale of cars and that he believed there was an opportunity or even certainty that the company would make a lot of money." The auditor also found "that it was explained to the defendant that the business [of the company for which the plaintiff's assignor was sales agent] had not been long established and had up to that time been run at a loss, but that [the plaintiff's assignor's treasurer] hoped and believed and stated that their prospects for success were good and that the business was flourishing." The auditor found that no misrepresentation of material facts had been made to the defendant, and judgment was given for the plaintiff. *Held,* that the finding was warranted that the treasurer of the plaintiff's assignor made no such misrepresentations as would give the defendant a right to rescind the contract.

A creditor of an insolvent corporation, who is liable to the corporation upon an unpaid subscription for shares of its capital stock, when sued upon his subscription by the common law assignee for the benefit of creditors of the corporation, cannot set off the debt of the corporation to him, but must pay for his shares in full and is entitled on his claim against the corporation only to his ratable share in the distribution of the assets among the creditors.

CROSBY, J. This is an action brought by the assignee for the benefit of the creditors of the Motor Vehicle Company to recover the amount of a subscription signed by the defendant to take twenty-five shares of the preferred stock of the company, for which he agreed to pay the sum of $2,500, being the par value of the stock, it being agreed that upon payment for the preferred stock he was to receive, in addition to the preferred stock, $2,500 par value of the common stock of the company.

The defendant contends that he was induced to subscribe to the stock by reason of certain false representations made by one Hatch who was the treasurer of the company.

The case was referred to an auditor and under the rule his findings of fact are conclusive. The defendant filed specifications of the fraud upon which he relied. The auditor has disposed of all contentions as to fraud adversely to the defendant. The only representation that calls for consideration by this court is the statement made by Hatch to the defendant that "the business was in a flourishing condition and that the company had a great many prospects for the sale of new cars and had made a number of contracts with subagents for the sale of cars and that he believed there was an opportunity or even certainty that the company would make a lot of money."

The business of the company was that of dealing in automobiles and motor vehicles. The auditor finds that the success of the business depended in a large measure upon the success of the Warren Motor Car Company, with which the Motor Vehicle Company had a contract to act as New England representative and sales agent; that the Warren Company became involved in financial difficulties in the latter part of the year 1912; and that "from all the evidence I find that it was explained to the defendant that the business had not been long established and had up to that time been run at a loss, but that Hatch hoped and believed and stated that their prospects for success were good and that the business was flourishing, and I am not satisfied that the defendant's first specification of fraud is sustained."

The finding of the auditor that no misrepresentation of material facts had been made was justified by the facts set forth in the report. The distinction between a fraudulent representation of a material fact and mere dealer's talk is clearly recognized. It is difficult to see how the statement that "the business was in a flourishing condition," when coupled with the further statement that the business up to that time had been run at a loss but that it was hoped and believed that it would later be successful, could have deceived the defendant as a prospective purchaser of stock. The representation that a business is in a flourishing condition is an expression too rhetorical and indefinite to be held as matter of law under the circumstances of this case to be a false representation

of fact. Such statements for the purpose of enhancing the value of property, either real or personal, are so frequently made in order to effect a sale that purchasers relying upon them are generally not held to be entitled to relief. Mere exaggeration or over-statement as to the value of shares of stock in a corporation do not afford any ground for the rescission of a subscription thereto any more than do similar statements concerning other kinds of property. Upon the same ground rest statements of matters of opinion or belief. It follows that statements that the company had a great many prospects for the sale of new cars and that there was an opportunity to make money in the future are not such misrepresentations as will avoid the contract. *Medbury* v. *Watson,* 6 Met. 246. *Brown* v. *Castles,* 11 Cush. 348. *Manning* v. *Albee,* 11 Allen, 520, 522. *Cooper* v. *Lovering,* 106 Mass. 77, 79. *Commonwealth* v. *Quinn,* 222 Mass. 504.

The defendant testified that he was released by the corporation from liability upon his subscription. The records of the company do not show any vote to that effect, and the auditor finds as a fact that there never was any release by the company to the defendant from his subscription contract.

On February 15, 1913, the Motor Vehicle Company, being insolvent, upon a demand made by the defendant executed a general assignment to the plaintiff for the benefit of its creditors, and on February 18, 1913, the defendant in writing assented to the assignment. The defendant contends that, if he is liable upon his subscription agreement, he is entitled to set off the amount of a loan of $2,000 made by him to the company.

The rule established by the great weight of authority in many jurisdictions is that, in the absence of a statute to that effect, a creditor of an insolvent corporation cannot set off his debt in an action brought against him to recover for the benefit of all the creditors the amount due upon an unpaid subscription for stock. The creditor must pay for his shares in full and is entitled only to a ratable distribution of all the company's assets and to receive a dividend upon his claim against the corporation in common with other creditors. *Anglo-American Mortgage & Agency Co.* v. *Dyer,* 181 Mass. 593. *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad,* 148 Mass. 411. *Sawyer* v. *Hoag,* 17 Wall. 610, 622. *Upton* v. *Tribilcock,* 91 U. S. 45. *Sanger* v. *Upton,* 91 U. S. 56. *Scammon* v.

*Kimball,* 92 U. S. 362. *Scovill* v. *Thayer,* 105 U. S. 143, 152. *Handley* v. *Stutz,* 139 U. S. 417, 427. *See* v. *Heppenheimer,* 3 Rob. 36, 79. *Holcombe* v. *Trenton White City Co.* 10 Buch. 122. *Ball Electric Light Co.* v. *Child,* 68 Conn. 522. *Appleton* v. *Turnbull,* 84 Maine, 72. *Richardson* v. *Merritt,* 74 Minn. 354. *Utica Fire Alarm Telegraph Co.* v. *Waggoner Watchman Clock Co.* 166 Mich. 618, 621. *Shickle* v. *Watts,* 94 Mo. 410. Morawetz on Private Corp. § 861. Cook on Corp. (7th ed.) § 193. *Grissell's Case,* L. R. 1 Ch. 528. The terms of the assignment by the debtor corporation to the plaintiff do not incorporate the provisions of our insolvent law except as to the kind of debts due from the assignor which can share in the distribution. R. L. c. 163, § 34, has no bearing on the question at issue.

The cases of *Merrill* v. *Cape Ann Granite Co.* 161 Mass. 212 and *Cromwell* v. *Parsons,* 219 Mass. 299, cited and relied on by the defendant, are plainly distinguishable from the case at bar.

*Judgment * affirmed.*

*B. B. Libby,* for the defendant, submitted a brief.
*J. P. Draper,* (*H. A. Baker* with him,) for the plaintiff.

---

* For the plaintiff, entered by order of *Wait,* J.