FRANK S. BUTTERWORTH, receiver, *vs.* WILLIAM H. SMITH.

Hampshire.    October 17, 1921. — November 26, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Set-off.   Corporation,* Stockholder's liability.   *Insolvency.   Conflict of Laws.*

The right of a defendant to declare in set-off is remedial and is governed by the law of the place where the action is brought.

In an action in this Commonwealth by a receiver, in possession under a decree of a court of competent jurisdiction of the property of an insolvent corporation incorporated under the laws of another State, to enforce against a stockholder his liability for an assessment due for a balance unpaid upon stock held by him, the stockholder has no right to set off a debt due to him from the corporation.

CONTRACT by a receiver, appointed on October 5, 1909, by a decree of the District Court of the United States for the District of Connecticut, of the property of the Gilbert Transportation Company, a Connecticut corporation, against a Massachusetts stockholder to recover an assessment ordered by a decree of that court dated March 17, 1915.   Writ dated March 3, 1917.

While the action was pending, Frank S. Butterworth resigned as receiver, his resignation was accepted, and by a decree dated August 16, 1918, John S. Pullman was appointed as his successor.

The amount of assessment claimed by the plaintiff was $2,400. The defendant filed a declaration in set-off for $2,400 for "services and commissions in the matter of selling stock and bonds of Gilbert Transportation Company."

The action was referred to an auditor and, after the filing of the auditor's report, was heard in the Superior Court by *King,* J., without a jury.   Material facts and rulings of the judge are described in the opinion.   The judge found for the plaintiff in the sum of $2,400; and the defendant alleged exceptions.

The case was submitted on briefs.

*N. P. Avery, A. S. Gaylord & R. L. Davenport,* for the defendant.
*A. L. Green & F. F. Bennett,* for the plaintiff.

JENNEY, J.   The plaintiff as receiver of the Gilbert Transportation Company, a corporation organized under the laws of

Connecticut, brings this action to recover from the defendant, who is a resident of Massachusetts, an assessment upon the stock standing in his name because of a balance unpaid thereon. The corporation being financially involved, an assessment of the full amount of the unpaid par value of the stock was necessary in order to protect its creditors.

The defendant contends that he is entitled to set-off, as against the concededly valid assessment, an indebtedness of the Gilbert Transportation Company to him. It is assumed that this personal defence is open to the defendant under the decree ordering the assessment. *Butterworth* v. *Ross,* 238 Mass. 279.

The judge who heard the case without a jury found against the defendant on his declaration in set-off, and subject to his exception refused to rule that he was entitled to apply thereunder any indebtedness of the corporation to him as against his liability upon the assessment. This exception raises the only question in the case. It may be that the request of the defendant ought to be more narrowly construed and that the question argued has not properly been saved, but we consider it broadly in the manner in which it has been argued. It has also been considered as open, notwithstanding the finding of the judge for the plaintiff upon the declaration in set-off, because it is not clear that the auditor's report which established the indebtedness sought to be availed of in defence did not constitute the only evidence in the case.

The judge made no findings of fact as to the law of Connecticut upon the subject matter of the request; and the auditor's report, which is the only evidence given in the bill of exceptions, contains no finding relative thereto. It was not, and apparently could not be, contended that the cases in the courts of Connecticut and the statutes of that State which were in evidence by reference made in the auditor's report warranted any such finding. The case therefore must be decided under the principles of the common law, which are presumed to be the same in Connecticut as prevail in this Commonwealth. *Cogliano* v. *Ferguson,* 228 Mass. 147. *Cavanaugh* v. *D. W. Ranlet Co.* 229 Mass. 366.

The right of a defendant to declare in set-off is remedial and is governed by the law of the place where the action is brought. *Stone* v. *Old Colony Street Railway,* 212 Mass. 459, 465. This is not in conflict with the principle that a defence created by the

laws of another State may be pleaded as a condition equitably relieving the defendant from liability, even when it is not tech-, nically in set-off. *Broadway National Bank* v. *Baker*, 176 Mass. 294. *Sargent* v. *Stetson*, 181 Mass. 371. R. L. c. 173, § 28. G. L. c. 231, § 31. See also *Vermont Bank* v. *Porter*, 5 Day, 316, and note to that case contained in 5 Am. Dec. 157, 161. This case was not in evidence in order to determine the law of Connecticut, and is not referred to for that purpose.

The right of a stockholder of a corporation, in direct proceedings to collect an assessment for balances unpaid upon the capital stock for the benefit of all its creditors, to interpose as a defence in whole or in part an unpaid indebtedness of the corporation to him, has frequently been considered. It is well settled in this and many other jurisdictions that no such right exists either in set-off or in recoupment apart from statute. *Stone* v. *Old Colony Street Railway*, *supra*, and cases collected at pages 465 and 466. See Ann. Cas. 1913 E 1025.

"The creditor must pay for his shares in full and is entitled only to a ratable distribution of all the company's assets to receive a dividend upon his claim against the corporation in common with other creditors." *Everett* v. *Foster*, 223 Mass. 553, 555.

The reason for this is well stated in *Stone* v. *Old Colony Street Railway*, *supra*, at page 466: ". . . the assessments when collected form a fund for the benefit of all . . . [stockholders] including the defendant whose demands comprise a part of the indebtedness which made the assessment necessary. . . . A set-off would confer upon . . . [a stockholder] a preference to the disadvantage of other creditors and . . . [stockholders] and permit . . . [him] to appropriate exclusively the amount claimed in partial payment of its own demands . . . and to this extent the defendant would be relieved from . . . [his] obligations. . . . It is because of this principle of equality where an insolvent corporation of this character is being wound up for the purpose of a proportional distribution of assets, that the right of a member who is also a creditor to set off or recoup his individual loss uniformly has been denied."

The request for ruling was properly refused and the exceptions must be overruled.

*So ordered.*