## Miller Fruit Company, Appellee, v. David Kellerman, Appellant.

### Gen. No. 28,117.

1. CONFLICT OF LAWS—*right to set-off in attachment between nonresident parties on foreign contract controlled by lex fori.* The laws of Illinois and not those of California control the right to plead a set-off in an attachment suit commenced in Illinois to recover the purchase price of grapes sold on a contract made and performed in California, especially in view of the provisions of the Attachment Act, Cahill's Ill. St. ch. 11, ¶ 30, under which the suit was commenced, that a defendant in attachment may avail himself of any set-off properly pleadable "by the laws of this State," and in such proceeding the defendant is not entitled to plead as a set-off unliquidated damages claimed for breach of a different contract for

the sale of grapes, although both parties reside in California, under the laws of which State such set-off would be permissible.

2. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*when unliquidated damages may not be set off in action between nonresident parties.* Unliquidated damages arising on a contract not connected with that on which plaintiff sues cannot be set off by a nonresident defendant. in an attachment suit by a nonresident plaintiff.

Appeal by defendant from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed May 28, 1923. *Certiorari* denied by Supreme Court (making opinion final).

BLUM, WOLFSOHN & BLUM, for appellant; ISADORE WOLFSOHN and HARRY J. FIREMAN, of counsel.

PEAKS, BUNCH & LATIMER, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant from a judgment in the sum of $3,050.55 entered in favor of the plaintiff.

Plaintiff and defendant are both residents of the State of California. The plaintiff began its suit by attachment. In its statement of claim it alleged that defendant was indebted to plaintiff by reason of a check made out and delivered by defendant to plaintiff for the sum of $3,750.55, the consideration of the check being the amount of the purchase price of certain goods and merchandise furnished by plaintiff to defendant at defendant's request; that after delivery of the check defendant stopped payment on the same. The statement also alleged that the amount of the check was due upon an account stated between the parties.

The defendant appeared and filed an affidavit of merits, in which he set up that on or about October 30, 1920, plaintiff agreed to sell and defendant to buy from plaintiff two carloads of grapes in good, first-class condition; that this contract was made in the

State of California, in which the plaintiff was incorporated; that the grapes were delivered there, but that the same were not in good, first-class condition, but on the contrary a large portion of them was decayed, and as a result thereof plaintiff was damaged in the sum of $700, which amount should be deducted from the purchase price, and that defendant was therefore indebted to plaintiff only in the sum of $3,050.55 for these grapes.

The affidavit of merits further set up that under the laws of the State of California the defendant had a right to set off or counterclaim any damages sustained by him arising upon a contract, irrespective of whether such damages were sustained as a result of the breach of the same contract sued upon by plaintiff. The provisions of the Code of Civil Procedure of the State of California so providing were set up and the defendant alleged that inasmuch as the contract between plaintiff and defendant was a California contract and governed by the laws of California, defendant under these provisions had the right to counterclaim or set off any damages sustained by him as a result of a breach of any contract between defendant and plaintiff. This, the affidavit states, the defendant desired to do, and alleged that the amount of the damages sustained by him greatly exceeded the amount due the plaintiff from the defendant for the two carloads of grapes. A contract for the purchase of twenty cars of these grapes is set up *in haec verba,* and it was alleged that the plaintiff breached the contract in that it delivered only five cars of the grapes so contracted for and failed and refused to deliver the others. It was alleged that the market price of these grapes at the time and place the same should have been delivered exceeded the price named in the contract, and that the total amount of damages claimed for failure to deliver the grapes as provided by the terms of the contract was the sum of $50,599.25; that allowing the plaintiff the sum of

$3,050.55 which it was entitled to receive for the two carloads of grapes sued for, the defendant was entitled to receive from plaintiff a balance of $47,548.70.

Defendant also filed a statement of claim (set-off) in which the same contract and breaches thereof, his alleged rights under the Codes of California, and the amount admitted to be due for the two carloads of grapes shipped were set up, together with certain other sums, for which allowances should be made, and a balance was claimed of $44,588.77.

The plaintiff moved the court to strike from the files this statement of set-off as insufficient and not proper, and likewise to strike from the files for the same reason that portion of the affidavit of merits which set up the alleged rights of the defendant by virtue of the provisions of the Code of Civil Procedure of the State of California. The motion was allowed. The defendant declined to plead further and on motion of the plaintiff judgment in favor of the plaintiff upon its statement of claim for the sum of $3,050.55 was entered, and it was further ordered that the case should stand for trial upon the merits as to the remainder of the plaintiff's claim. This is the judgment from which the appeal is taken.

It is the contention of the defendant that the court erred in striking his affidavit of merits in part and in striking the set-off. It is his contention that a defense or discharge good by the law of the place where the contract is made and performed should be held of equal validity in every other place where the question may come to be litigated; that the laws which subsist at the time and place of making a contract enter into and form a part of it as if they were expressly referred to or incorporated in its terms; that if the action were brought in the State of California, that being the *lex loci contractus* and the *lex loci solutionis,* the defense presented by that portion of the affidavit of merits stricken and the set-off of claim would

have been a valid and good defense, and must therefore be held a valid defense here.

The principal cases cited and relied on are: *Pritchard v. Norton,* 106 U. S. 124, 27 L. Ed. 104; *Fidelity Insurance, Trust & Safe-Deposit Co. v. Mechanics' Sav. Bank,* 97 Fed. 297, 56 L. R. A. 228, and *Vermont State Bank v. Porter,* 5 Day (Conn.) 316.

Of the first case, *Pritchard v. Norton, supra,* it is sufficient to say that no question of set-off was involved in it, or necessary to the decision of the case.

*Fidelity Insurance, Trust & Safe-Deposit Co. v. Mechanics' Sav. Bank, supra,* was a case where the plaintiff sued in another State to enforce a statutory liability created under the laws of the State of Kansas. The same statute which created the liability provided that the stockholder against whom such proceeding should be brought under the statute might set up in defense debts due to him from the corporation. The courts in deciding the case said it would be most remarkable if a nonresident stockholder of a Kansas corporation, sued at law in the courts of the United States upon a liability under the statute of Kansas, were denied the benefit of a personal defense authorized by the statute. We think that there is a very clear distinction between the facts of that case and the facts here, since the plaintiff here does not sue under any liability created by a statute of the State of California, but on the contrary began his suit in attachment, taking advantage of the rights conferred in that respect by the State of Illinois.

Of *Vermont State Bank v. Porter, supra,* it must be conceded that the law as announced in that decision sustains the contention of the defendant here; but in a note to this same case, which appears in 5 Am. Dec. 161-162, and 96 Am. Dec. 349, it is stated that the rule announced in the decision is contrary to the weight of authority in this country. Far more decisive than any other consideration is the fact that the courts of Illinois have held in well-considered cases directly

contrary to the contention of the defendant in this respect. In *Sherman v. Gassett,* 9 Ill. (4 Gilm.) 521, the court stated:

"The cases above referred to, although not precisely analogous, yet settle the principle that the *lex loci* only governs in ascertaining whether the contract is valid, and what the words of the contract mean. When the question is settled, that the contract of the parties is legal, and what is the true interpretation of the language employed by the parties framing it, the *lex loci* ceases its functions, and the *lex fori* steps in and determines the time, the mode and the extent of the remedy."

In *Mineral Point R. Co. v. Barron,* 83 Ill. 365, our Supreme Court said:

"It is true, the validity of a contract is to be determined by the law of the place where it is made, but the law of the remedy is no part of the contract, as is well said by Parsons on Contracts, vol. 2, page 588: 'But on the trial, and in respect to all questions as to the forms or methods, or conduct of process or remedy, the law of the place of the forum is applied.'"

And in the later case of *Leathe v. Thomas,* 218 Ill. 246, the Supreme Court said:

"It is also held that a plea of set-off is a plea to the remedy. * * * That being true, the statute of the state wherein the action is brought controls as to what character of set-off, if any, may be pleaded. When, therefore, suit is brought upon a judgment of another State in the courts of this State, as the statute of this State permits demands upon simple contracts to be offset against judgments, the statute of this State will control."

It may be added that there is a wealth of authority showing that such is the general rule in most of the States. It would extend this opinion beyond the length desired if we were to quote all the law before us on this subject; a few of these must therefore suffice.

In 34 Cyc., p. 648, it is said:

"Laws of set-off relate to the remedy and not to the right, and therefore set-off is governed by the law of the place where the action is brought and not by the law of the place where the contract was made."

In Parsons on Contracts, vol. 2, p. 592, it is said:

"The courts of one State where a note is sued will not enforce the laws of set-off in another State where it was made."

In Parsons on Bills and Notes, vol. 2, p. 375, it is said:

"The law of set-off and the law of tender belong rather to the remedy than to the substance, and therefore are always regulated by the laws of the State in which the action is brought, and not by that in which the note sued upon was made."

In Story on Conflict of Laws (8th ed.), sec. 575, p. 793, the law is laid down as follows:

"As to set-off or compensation, it is held in the courts of common law that a set-off to any action, allowed by the local law, is to be treated as a part of the remedy; and that therefore it is admissible in claims between persons belonging to different states or countries, although it may not be admissible by the law of the country where the debt which is sued was contracted."

Wharton in his work on the Conflict of Laws (3rd ed.), vol. 2, p. 1584, sec. 788, says:

"A set-off is a matter pertaining to process, being incorporated with the remedy; and therefore it is admissible in claims between persons belonging to different states or countries, when such is the *lex fori*, though it would not have been admissible by the law of the country in which the debt sued upon had its legal seat.

"Conversely, if not admissible by the *lex fori*, it will not be allowed, though it would be admissible by the law of the country in which the debt sued on had its legal seat."

Other authorities in harmony with these statements of the law are: *Gibbs v. Howard*, 2 N. H. 296; *Carver v. Adams*, 38 Vt. 500; *Ruggles v. Keeler*, 3 Johns.

(N. Y.) 263; *Bank of Galliopolis v. Trimble*, 45 Ky. (6 B. Mon.) 599; *Second Nat. Bank of Cincinnati v. Hemingray*, 31 Ohio St. 168; *Snyder v. Pharo*, 25 Fed. 398; *Stone v. Old Colony St. Ry. Co.*, 212 Mass. 459, 99 N. E. 218; *Butterworth v. Smith*, 240 Mass. 192, 133 N. E. 100; *Pennsylvania R. Co. v. Bellinger*, 101 N. Y. Misc. 105, 166 N. Y. Supp. 652.

In addition to all these is the fact that section 30 of the Attachment Act, under which this suit was commenced (Cahill's Rev. Ill. Stat., ch. 11, ¶ 30) provides:

"Any defendant against whom an attachment may be sued out under this act may avail himself in his defense of any set-off properly pleadable *by the laws of this State.*"

By good and necessary inference we think it must be held that the converse of this is true, and that such defendant may not in such a suit avail himself in his defense of any set-off not properly pleadable under the laws of this State. The first contention of the defendant cannot therefore be sustained.

Defendant, however, further contends that it has been decided by the Appellate Court of this district that a claim for unliquidated damages may be set off against a nonresident plaintiff on the theory that statutes of set-off being regarded as remedial acts, tending to prevent circuity of action, are to be liberally construed. He therefore argues that under these decisions, although the damages were unliquidated, it was error for the court to strike his claim, and in support of this contention cites *Ideal Coated Paper Co. v. Cupples Envelope Co.*, 169 Ill. App. 484, and *Nissly v. Wainer*, 211 Ill. App. 254.

That the decisions of the Appellate Court of this district, at least in so far as *obiter dictum* is concerned, have not been harmonious in construction of the statute on this question, is apparent from a comparison of these two decisions with the later cases of *Hammans v. Powell Myers Lumber Co.*, 220 Ill. App.

196; *Guenther v. Miller,* 222 Ill. App. 653; *Gates Co. v. Armstrong Tire & Vulcanizing Co.,* 226 Ill. App. 633; and *General Platers Supply Co. v. Chas. F. L'Hommedieu & Sons Co.,* 228 Ill. App. 201. Of the opinions filed by this court, it is sufficient to say that any statements therein to the effect that unliquidated damages might be set off by a resident defendant against a nonresident plaintiff were *obiter dictum* not necessary to the decision of the case; while *Hammans v. Powell Myers Lumber Co., supra,* is directly to the point that where plaintiff and defendant are both nonresidents such unliquidated damages may not be allowed by way of defense. This court adheres to that decision *and holds that under the provisions of the statute and in an action brought by a nonresident plaintiff against a nonresident defendant, unliquidated damages arising out of a subject-matter not connected with the subject-matter of plaintiff's claim cannot be set off in an action at law in this State.*

It is unnecessary to discuss or decide other questions in regard to the construction of the statute which are not necessary to a decision of this case. We think the trial court did not err in striking the affidavit of merits in part and the whole of the set-off filed, or in rendering judgment, and it is therefore affirmed.

*Affirmed.*

McSurely, P. J., concurs.